[Cite as *Keith-Harper v. Lake Hosp. Sys., Inc.*, 2017-Ohio-7361.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| LINDA KEITH-HARPER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| (THE SPITZ LAW FIRM, LLC, et al., | : | **CASE NO. 2015-L-137** |
| Appellants), | : | |
| - vs - | : | |
| LAKE HOSPITAL SYSTEM, INC. et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 000459.

Judgment: Affirmed.

*Brian D. Spitz*, The Spitz Law Firm, LLC, 25200 Chagrin Boulevard, Suite 200, Beachwood, OH 44122 (Appellants).

*Christopher B. Congeni* and *Daniel J. Rudary*, Brennan, Manna & Diamond, 75 East Market Street, Akron, OH 44308 (For Defendants-Appellees).


THOMAS R. WRIGHT, J.


{¶1} Appellants, Attorney Brian D. Spitz and the Spitz Law Firm, LLC (collectively Spitz), appeal the trial court's decision awarding Lake Hospital System, Inc. and Maria Creagh $22,926.72 in attorney fees and expenses. We affirm.

{¶2} In February 2014, Spitz filed a complaint on behalf of Linda Keith-Harper against Lake Hospital System, Inc. and Maria Creagh (collectively appellees). Keith-Harper worked for the hospital as an LPN and thereafter an RN for more than 15 years. Creagh became Keith-Harper's supervisor and department manager in 2012 until Keith-Harper was terminated in September of 2013.

{¶3} The complaint alleges seven causes of action against appellees arising from Keith-Harper's termination, including age discrimination, wrongful termination based on age discrimination, disability discrimination based on Keith-Harper's knee replacement, wrongful termination based on disability discrimination, unlawful FMLA retaliation, workers' compensation retaliation, and intentional infliction of emotional distress.

{¶4} Appellees filed their motion for summary judgment in December 2014. The trial court granted summary judgment on all claims in appellees' favor on May 27, 2015. No appeal was filed from this decision.

{¶5} Appellees subsequently filed a motion for sanctions under R.C. 2323.51 and Civ.R. 11 against plaintiff's counsel Brian D. Spitz and the Spitz Law Firm, LLC. The trial court held a frivolous conduct hearing, and thereafter concluded in its seven-page decision that "Spitz's conduct after December 16, 2014 met the criteria of frivolous conduct under R.C. 2323.51(A)(2) * * *." The trial court found Attorney Brian D. Spitz and the Spitz Law Firm LLC jointly and severally responsible for $22,926.72 in expenses and attorney fees the hospital incurred after most discovery had ended. The court did not find a Civ.R. 11 violation.

{¶6} Spitz's amended appellate brief asserts six assignments of error. We address his first two assignments together for ease of analysis, which assert:

2

{¶7} "The trial court committed reversible error by finding frivolous conduct in prosecuting Keith-Harper's claims.

{¶8} "Because Brian Spitz did not engage in any frivolous conduct, the trial court erred in sanctioning him."

{¶9} R.C. 2323.51(B)(1) provides:

{¶10} "[A]ny party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *."

{¶11} Pursuant to R.C. 2323.51(B)(4), the award can be "made against a party, the party's counsel of record, or both."

{¶12} R.C. 2323.51(A)(2) defines "frivolous conduct," in relevant part, as:

{¶13} "(a) Conduct of [a] party to a civil action, * * * that satisfies any of the following:

{¶14} "* * *

{¶15} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

{¶16} Unlike Civ.R. 11, R.C. 2323.51 does not require a showing that the individual willfully engaged in frivolous conduct. *Grove v. Gamma Ctr.*, 3d Dist. Marion No. 9-14-29, 2015-Ohio-1180, ¶115. R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct. *Kester v. Rogers*, 11th Dist. Lake Nos. 93-L-056 and 93-L-072, 1994 Ohio App. LEXIS 1949, *10 (May 6,

3

1994). Thus, a finding of frivolous conduct under R.C. 2323.51 is decided without inquiry as to what the individual knew or believed, and instead asks whether a reasonable lawyer would have filed the action or continued to pursue the claims in light of existing law or facts in a particular case. *Omerza v. Bryant & Stratton*, 11th Dist. Lake No. 2006-L-147, 2007-Ohio-5216, ¶15, citing *City of Wauseon v. Plassman* (Nov. 22, 1996), 6th Dist. No. F-96-003, 1996 Ohio App. LEXIS 5168, 8; *Pingue v. Pingue,* 5th Dist. Delaware No. 06-CAE-10-0077, 2007-Ohio-4818, ¶20.

{¶17} The trial court held the frivolous conduct hearing August 20, 2015, and thereafter held in part,

{¶18} "Spitz's conduct after December 16, 2014 met the criteria of frivolous conduct under R.C. 2323.51(A)(2) in that plaintiff's allegations or other factual contentions had no evidentiary support and were not likely to have evidentiary support particularly after the first deposition of Keith-Harper which failed to provide evidence supporting her claims."

{¶19} It explained its decision in detail, stating why each of Keith-Harper's claims lacked merit:

{¶20} "By the beginning of December [2015], it was clear that there was no evidence that plaintiff had requested or taken FMLA thus rendering her claim of unlawful FMLA retaliation as baseless. * * * There was no evidence that she was disabled or perceived as disabled. * * * There was simply no evidence she was terminated for claiming workers compensation benefits that ended ten months earlier. She had received workers compensation benefits for eight years with no problems from defendants. * * * [Keith-Harper] never testified that she was directly targeted because of her age. Creagh testified that she was more than forty years old herself. At this point in

4

discovery, defendants turned over a considerable amount of material documenting plaintiff's declining performance and disciplinary actions for insubordination, violation of hospital protocol and unsatisfactory performance. The evidence showing she was terminated for just cause is overwhelming. * * * With respect to plaintiff's claim of intentional infliction of emotional distress, there was no evidence that defendants exceeded their legal right to criticize and correct plaintiff's work.

{¶21} "* * * The first deposition of plaintiff was completed by the end of November 2014 and Creagh's deposition was completed on December 11, 2014. These depositions essentially refuted plaintiff's allegations. After this court granted several extensions, Spitz filed a brief in opposition to summary judgment * * * and later * * * submitted a monetary demand to defendants of $72,500. * * * Pending this court's decision on their motion for summary judgment, defendants filed a trial brief and a motion to bifurcate the trial and defendants prepared for trial. * * * this court awarded summary judgment * * * well after defendants had commenced preparations for trial."

{¶22} The trial court further explained that defense counsel asked one of plaintiff's attorneys to dismiss the suit in light of the lack of evidence after the plaintiff's first deposition, but Spitz did not do so. The trial court further noted in its decision: "At this point, discovery was essentially completed * * *." Thus, appellees were forced to move for summary judgment, which was aggressively opposed, but ultimately granted in appellees' favor.

{¶23} The standard of review employed by an appellate court when reviewing rulings on R.C. 2323.51 motions varies and is contingent upon the basis for the trial court's decision. *Groves v. Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, ¶18, abrogated on other grounds by *Jacobson v. Kaforey,* 149 Ohio St.3d 398

5

(2016). Our standard of review here is mixed. *Crooks v. Consolidated Stores Corp.*, 10th Dist. Franklin No. 98AP-83, 1999 WL 52981, *9-10 (Feb. 4, 1999).

{¶24} The trial court's initial decision that Spitz's conduct was frivolous is a factual determination, which we will not disturb where the trial court's findings are supported by competent, credible evidence. *Id.* However, the decision to assess a penalty for frivolous conduct lies within the trial court's discretion, and as such, we review its decision to impose sanctions for an abuse of discretion. *Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, ¶39; *State ex rel DiFranco v. South Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶13

{¶25} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009 Ohio 2089, ¶30, citing *State v. Ferranto, 112 Ohio St. 667, 676-678,* 3 Ohio Law Abs. 187, 3 Ohio Law Abs. 332, 148 N.E. 362 (1925). * * * where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" [*State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900,] ¶67." *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶70 (11th Dist.).

{¶26} Thus, absent a clear abuse of discretion, i.e., a finding that the trial court failed "to exercise sound, reasonable, and legal decision-making[,]" this court must affirm. *Id.*

{¶27} A motion for sanctions under R.C. 2323.51 requires a three-step determination. First, did an individual engage in frivolous conduct. Second, if the conduct was frivolous, was another party adversely affected by the frivolous conduct. And third, the amount of award, if any. *Tipton v. Directory Concepts, Inc.*, 5th Dist.

6

Richland No. 13CA61, 2014-Ohio-1215, ¶32, citing *Ferron v. Video Professor Inc.*, 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133.

**{¶28}** In *Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, this court upheld an award of Civ.R. 11 sanctions against an attorney who lacked a factual basis for filing a slander complaint against two other attorneys. Plaintiff's counsel refused to dismiss the suit even after the plaintiff admitted that the factual basis for the complaint was untrue and in spite of requests from defense counsel to dismiss. We affirmed the trial court's decision finding that counsel's decision to file suit based only on assumptions and suspicions of slander, without any investigation as to the truth of the allegations, was *willfully* frivolous conduct.

**{¶29}** In this case, the trial court found objectively frivolous conduct and satisfied all three R.C. 2323.51 prongs. It determined that Spitz engaged in frivolous conduct when it continued to pursue Keith-Harper's claims after the depositions of Keith-Harper and Creagh established that the complaint lacked merit. The trial court found appellees were adversely affected based on Spitz's continued pursuit of the claims in spite of the lack of evidence to support each. It found that appellees incurred trial preparation costs as well as the costs associated with pursuing its motion for summary judgment after the discovery process revealed that the claims lacked evidentiary support under R.C. 2323.51(A)(2)(a)(iii). Finally, the trial court found Attorney Brian D. Spitz and the Spitz Law Firm, LLC jointly and severally liable for the $22,926.72 award.

**{¶30}** Based on the foregoing, the trial court's finding that Spitz's continued pursuit of Keith-Harper's claims after the depositions of the key witnesses was frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) was supported by competent, credible evidence, and its decision to impose sanctions is not an abuse of discretion. *See*

7

*Engintec Corp. v. Miller*, 11th Dist. Trumbull No. 2008-T-0091, 2010-Ohio-3680, ¶34 (finding no abuse of discretion since the trial court was in the best position to evaluate witness credibility and determine if plaintiff's conduct throughout the underlying proceedings was frivolous). The trial court exercised sound, reasonable, and legal decision-making in rendering its detailed decision, and as such, Spitz's first and second assigned errors are overruled.

{¶31} Spitz's third assigned error asserts:

{¶32} "As R.C. 2323.51 does not allow sanctioning of law firms, the trial court committed reversible error in sanctioning the Spitz Law Firm." Spitz claims the trial court acted without authority and contrary to law upon finding the Spitz Law Firm, LLC jointly and severally liable for the R.C. 2323.51 award in appellees' favor. First, Spitz did not raise this argument to the trial court, and as such, the issue is waived absent a finding of plain error. "[I]n a civil case, the doctrine of plain error will be applied only in the 'extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *S & P Lebos, Inc. v. Ohio Liquor Control Comm.,* 163 Ohio App.3d 827, 2005-Ohio-5424, 840 N.E.2d 1108, ¶12 (10th Dist.) quoting *Goldfuss v. Davidson (*1997), 79 Ohio St.3d 116, 122–123, 679 N.E.2d 1099.

{¶33} Furthermore, R.C. 2323.51(B)(4) authorizes "[a]n award * * * against a party, the party's counsel of record, or both."

{¶34} Several courts have upheld a R.C. 2323.51 award against a law firm and have not differentiated between the law firm and the individual attorney employed by it as counsel of record. *Master v. Chalko,* 8th Dist. Cuyahoga No. 75973, 2000 Ohio App.

8

LEXIS 2014, at *1 (May 11, 2000) (affirming award of attorney fees against executor and law firm, jointly and severally, under R.C. 2323.51); *Lewis v. Celina Financial Corp.*, 101 Ohio App.3d 464, 655 N.E.2d 1333 (3d Dist.1995).

{¶35} In *Riley v. Langer*, 95 Ohio App.3d 151, 642 N.E.2d 1 (1st Dist.1994) *rev'd on other grounds by Riston v. Butler,* 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.), the First Appellate District considered a comparable argument and found although a law firm *cannot* be held responsible for an award of attorney fees under Civ.R. 11, it can be found liable under R.C. 2323.51. *Riley* based its decision on *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456 (1989), which held that a law firm cannot be held accountable based on Fed.R.Civ.P. 11[1] since it imposes a non-delegable duty on the individual attorney who signs the pleading, and not his law firm, for his or her failure to ensure the "truth and legal reasonableness of the papers filed * * *." *Id.* at *163. This rationale does not apply to R.C. 2323.51. *Id.*

{¶36} Unlike Ohio Civ.R. 11, R.C. 2323.51 was not drafted to impose responsibilities and sanctions on individual attorneys signing pleadings, but was designed to afford an avenue of relief to a party adversely affected by frivolous conduct. *Ferron v. Video Professor, Inc.*, 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶69.

{¶37} Here, appellees' motion for an award of attorney fees requested attorney fees against both Attorney Brian D. Spitz and the Spitz Law Firm, LLC. Thus, the firm was on notice that the claim was against it as well as individually against Attorney Spitz. Accordingly, we find no plain error in the trial court's decision holding the Spitz Law Firm

---

1. Fed.R.Civ.P. 11 has since been amended and subsection Fed.R.Civ.P. 11(c)(1) now specifically allows the imposition of a sanction on the law firm as well an individual attorney.

jointly and severally liable with Attorney Brian Spitz for the R.C. 2323.51 award. Spitz's third assigned error is overruled.

**{¶38}** Spitz's fourth assigned error asserts,

**{¶39}** "The trial court committed reversible error by holding that appellees were adversely affected by having to pay standard defense costs."

**{¶40}** Spitz claims the trial court never addressed how appellees were adversely affected by its frivolous conduct and claims that appellees simply incurred "normal defense costs" to defend the suit. We disagree. The trial court found in part:

**{¶41}** "The court finds that Spitz's conduct after December 16, 2014 met the criteria of frivolous conduct under R.C. 2323.51(A)(2) in that plaintiff's allegations or other factual contentions had no evidentiary support and were not likely to have evidentiary support particularly after the first deposition of Keith-Harper which failed to provide evidence supporting her claims. Defendants' lead attorney * * * immediately after the deposition, * * * contacted * * * an attorney then working for Spitz Law Firm, and asked her to dismiss the lawsuit. This was not done."

**{¶42}** Thereafter, appellees filed their motion for summary judgment, opposed Spitz's motions to extend the deadline, filed a reply brief to plaintiff's motion in opposition, and also began preparing for trial filing a trial brief and a motion to bifurcate. Spitz likewise submitted a settlement demand after the unfavorable deposition testimony. The trial court did not issue its summary judgment decision until May 27, 2015, 20 days before trial was scheduled.

**{¶43}** Thus, the trial court found that Spitz's continued pursuit of Keith-Harper's claims after the key discovery depositions adversely affected appellees. The trial court

did not award attorney fees for the entirety of the case. Spitz's fourth assigned error lacks merit.

{¶44} Spitz's fifth assignment of error asserts:

{¶45} "The alleged billing records were not properly before the trial court."

{¶46} Spitz argues that appellees' defense firm's billing invoices were not formally submitted or admitted into evidence at the sanction hearing. The billing invoices, marked as defendant's exhibit 1, were introduced and identified as the monthly billing invoices Lake Hospital System, Inc. received from the law firm of Brennan, Manna & Diamond, LLC in defending the Keith-Harper lawsuit. Although the written record does not reflect that this exhibit was offered or admitted into evidence at the hearing, the official court reporter indicates in her certification that defendant's exhibit 1 was admitted into evidence and is to be included with the official hearing transcript of proceedings. The trial court also relies on the invoices in its decision.

{¶47} "It is well-established that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Robb* (2000), 88 Ohio St.3d 59, 68, 723 N.E.2d 1019, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Absent an abuse of discretion, as well as a showing that the accused has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. *State v. Martin* (1985), 19 Ohio St.3d 122, 129, 483 N.E.2d 1157." *Abetew v. Denu*, 10th Dist. Franklin No. 01AP-87, 2002-Ohio-628, *7.

{¶48} A hospital representative as well as one of the partners of the law firm identified the invoices during testimony as reflecting the total litigation expenses the hospital incurred in defending Keith-Harper's suit. They both verified the total amount of

11

defense costs incurred was approximately $65,000. The hospital's vice president of human resources confirmed that he reviewed these billing statements upon receipt and authorized their payment.

{¶49} Further, Attorney Congeni confirmed his firm's hourly rates, explained that these costs were directly related to the defense of Keith-Harper's complaint, and verified that he reviewed each monthly statement before it was mailed to the hospital. Congeni stated that his firm's fees and expenses were reasonable and necessary.

{¶50} Spitz attempted to point out minor conflicts in the defense billing statements, but did not introduce evidence generally challenging the amount or reasonableness of the firm's billing statements as a whole. Spitz never argued that the defense bills were unnecessary or that the amount was unreasonable. Spitz likewise did not submit evidence disputing the veracity or authenticity of the billing statements. Thus, absent a showing of material prejudice, we cannot find the trial court abused its discretion in relying on defendant's exhibit 1 in fashioning its award. Spitz's fifth assignment is overruled.

{¶51} Spitz's final assignment of error alleges:

{¶52} "The trial court erred when it improperly awarded fees charged by law clerks and staff."

{¶53} Spitz argues the trial court erroneously included appellees' defense firm's law clerk and staff time in its R.C. 2323.51 award. Spitz complains that the statute only permits an award for attorney fees and does not authorize the payment of law clerk and other staff time. We disagree.

{¶54} R.C. 2323.51 clearly authorizes a "motion for an award of court costs, reasonable attorney's fees, *and other reasonable expenses incurred in connection with*

12

*the civil action or appeal * * *."* (Emphasis added.) Thus, assuming the trial court's award in this case included time billed for defense counsel's law clerk and other staff members' time billed for time spent in defending Keith-Harper's claims, there is no error since the same constitutes "other reasonable expenses." *All Climate Heating & Cooling v. Zee Props.*, 10th Dist. Franklin No. 01AP-784, 2002 Ohio App. LEXIS 1951, at *18-20 (Apr. 25, 2002), citing *Ron Scheiderer & Assocs. v. City of London,* 12th Dist. Madison Nos. CA95-08-022, CA95-08-024, 1996 Ohio App. LEXIS 3296, at *19 (Aug. 5, 1996) affirmed (1998), 81 Ohio St.3d 94.

{¶55} Accordingly, Spitz's final argument lacks merit, and the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶56} I respectfully dissent.

{¶57} "Generally, a reviewing court will not reverse a trial court's decision to impose sanctions for frivolous conduct absent an abuse of discretion." *Drummond v. Genoa Banking Co.,* 6th Dist. Ottawa No. OT–97–008, 1998 WL 102144, *3. Regarding this standard, this writer recalls the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676–678 (1925). An abuse of discretion may be found

13

when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

**{¶58}** The trial court found that Attorney Spitz's conduct, after appellees filed their motion for summary judgment, met the criteria under R.C. 2323.51(A)(2) and that the "allegations or other factual contentions had no evidentiary support..." The trial court went on to note that the allegations "were not likely to have evidentiary support particularly after the *first* deposition of Keith-Harper which failed to provide evidence supporting her claims." (Emphasis added).

**{¶59}** However, this writer is constrained to ask: If it was clear after the *first* deposition of Keith-Harper that her claims were without merit—why did appellees, as the docket and billing records clearly show, schedule and take a *second* deposition two months after filing their summary judgment motion?

**{¶60}** Appellees filed their motion for sanctions claiming that no reasonable attorney would have pursued this case. The trial court agreed and held that after the filing of summary judgment—and in particular after the *first* deposition of Keith-Harper— it was clear that these claims could not be sustained. Again, if it was so clear—why was a second deposition of Keith-Harper taken by appellant after the motion for summary judgment had been filed?

**{¶61}** By taking this second deposition appellees clearly demonstrated that they were not certain that they would prevail on their summary judgment motion. Why would an attorney terminate a case, possibly prejudicing their client, when the actions of the opposing party demonstrate their concern that the matter will go to trial? Would not an

14

attorney be risking a malpractice claim by dismissing a case under these circumstances?

**{¶62}** Is there any other conclusion to draw in this matter other than Attorney Spitz was damned if he did and damned if he didn't? It appears from the record that each attorney acted within the bounds of properly representing their client. Such actions do not give rise to sanctions.

**{¶63}** Given all this, it is clear that the imposition of sanctions by the trial court in this matter does not comport with reason or the record.

**{¶64}** I respectfully dissent.