[Cite as *Marcellino v. Geauga Humane Soc.*, 2019-Ohio-2093.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| BIANCA MARCELLINO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-G-0180** |
| GEAUGA HUMANE SOCIETY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2018 CVH 560.

Judgment: Affirmed.

*Gregory Charles Sasse*, Gregory C. Sasse, LLC, 6642 Silvermound Drive, P.O. Box 941, Mentor, OH 44060 (For Plaintiff-Appellant).

*Todd C. Hicks*, *Brandon D.R. Dynes*, and *Bridey Matheney*, Thrasher, Dinsmore & Dolan, LPA, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} This case is before us on the notice of appeal filed by Bianca Marcellino from the Chardon Municipal Court's denial of her motion for relief from judgment and award of attorney fees to appellee, Geauga Humane Society. The judgment is affirmed.

{¶2} On July 17, 2018, Marcellino filed a Complaint for Replevin in the Chardon Municipal Court. Marcellino requested the Municipal Court enter an order requiring the Geauga Humane Society to return two horses it seized from Marcellino by warrant.

Marcellino alleged the warrant was issued upon a fraudulent affidavit that contained numerous misstatements of material facts, without which there existed no probable cause to believe a crime was being committed. Thus, Marcellino alleged her two horses had been unlawfully seized and remained in the possession of the Geauga Humane Society.

{¶3} Marcellino simultaneously filed a "Motion for Immediate Return of Horses Due to the Danger of Irreparable Harm." In the motion, Marcellino stated that "the issue of safe-guarding the health of the horses" had also been raised in the Probate Division of the Geauga County Court of Common Pleas, pursuant to her Complaint to vacate the appointment of Christian Courtwright as Humane Officer. In that case, Marcellino stated, she had agreed the Geauga Humane Society would continue to maintain custody of the horses so long as their care was monitored by her veterinarian, Dr. Baugher. Marcellino alleged the following had since occurred in the Probate Court case:

> The question has not been resolved as Geauga Humane Society has drafted a proposed agreed order that contravenes the spirit and the letter of Plaintiff's understanding of what was to have been a consent order safeguarding the horses. More importantly, the proposed order violates the Order drafted by [the Probate Court magistrate] memorializing the agreement as presented to her in open court regarding the monitoring of the care of the horses by Dr. Baugher. * * * Geauga Humane Society, among other things, is not permitting Dr. Baugher to monitor the care of the horses. Their proposed order provides only a single visit by Dr. Baugher with use of the information obtained in that visit confined solely to the Probate case, not to assuring the well-being of the horses. Dr. Baugher must have on-going contact to monitor the animals' care.

> In other words, Geauga Humane Society is not treating the agreement between itself and Bianca Marcellino as a means to secure the on-going well being of the horses, but as a means to conceal the on-going condition of the horses from their owner. This stance apparently is taken at the behest of Geauga Humane Society's "contract prosecutors," even though the relevant question at the heart of an accusation of animal neglect or abuse is the

2

condition of the animal at the time of seizure, not its condition one month or more later.

Additionally, Geauga Humane Society's "contract prosecutors" have not honored Marcellino's discovery demand in a timely manner. This conduct demonstrates "bad faith." * * * Indeed, the conduct of all persons associated with Geauga Humane Society is strongly indicative of bad faith, which causes an even more urgent need to return the horses to their owner.

{¶4} On July 20, 2018, the Geauga Humane Society filed a request for a hearing in the Municipal Court replevin action, pursuant to R.C. 2737.04, in which it disputed Marcellino's claim for possession of the two horses. It maintained that the Probate Court case, in which Marcellino "alleged similar (if not identical) claims," remained pending and was currently under a magistrate's order issued July 12, 2018, a copy of which was attached to the request for hearing. The Probate Court's magistrate's order, in relevant part, held the following:

> The [Probate] Court addressed Defendants' claim that this Court lacks jurisdiction to issue the injunctive relief that [Marcellino] is seeking. The Court finds that it has jurisdiction over the above-captioned matter pursuant to Ohio Revised Code §2101.24(C) * * *. The Court finds that its plenary power to dispose of the above-captioned matter is not expressly limited or denied by another section of the Revised Code.
>
> * * *
>
> The Court then addressed [Marcellino's] Motion for Emergency Temporary Restraining Order. The Parties reached an agreement for a temporary order to safeguard the horses during the pendency of the above-captioned matter. Pursuant to the agreement of the Parties, it is therefore Ordered that: (1) the horses shall continue to remain at their current location; (2) the current location of the horses shall remain confidential; and (3) Dr. Baugher shall be permitted to monitor the care of the horses in conjunction with Dr. Sauder.
>
> Due to the fact that the Parties have reached an agreement regarding a temporary order to safeguard the horses during the pendency of the above-captioned matter, [Marcellino's] Motion for

3

> Emergency Temporary Restraining Order is dismissed without prejudice.
>
> A Preliminary Injunction Hearing is hereby scheduled for July 31, 2018 at 9:00 a.m.

The Geauga Humane Society suggested Marcellino's Complaint for Replevin in the Municipal Court was an attempt to circumvent the Probate Court magistrate's order that the horses remain in the custody of Geauga Humane Society by attempting to "forum shop" for a more favorable decision from another court.

{¶5} On July 24, 2018, Marcellino filed a reply to Geauga Humane Society's request for a hearing, in which she also requested the Municipal Court "schedule a prompt hearing" in the matter.

{¶6} One day prior, on July 23, 2018, the Municipal Court had already issued a scheduling order for a motion hearing to be held July 30, 2018.

{¶7} Marcellino and her counsel failed to appear at the July 30, 2018 hearing.

{¶8} On July 31, 2018, the Municipal Court entered judgment, dismissing Marcellino's Complaint for Replevin without prejudice and denying as moot her "Motion for Immediate Return of Horses." The Municipal Court found that jurisdiction remained in the Probate Court, in which related matters were pending, and that filing the Complaint for Replevin was "forum shopping."

{¶9} Marcellino did not notice an appeal from the dismissal of her complaint.

{¶10} On August 6, 2018, the Geauga Humane Society filed a motion for attorney fees in the Municipal Court. It alleged that Marcellino's counsel willfully violated Civ.R. 11 when he signed the Complaint for Replevin and that Marcellino and/or her counsel had engaged in frivolous conduct, as provided in R.C. 2323.51.

4

{¶11} Marcellino filed a memorandum in opposition on August 17, 2018. The filing also contained a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5), on the grounds of excusable neglect, the circumstances of which Marcellino alleged were "substantial": "For cause, Plaintiff states that neither she nor her counsel appeared at the hearing scheduled for and held on July 30, 2018, and that their lack of appearance resulted solely from the fact that Notice of the hearing time and date, although duly recorded on the Court's docket as issued and mailed on July 23, 2018, never was received by Plaintiff's counsel." The motion further stated that "[t]he circumstances existing within Counsel's practice, in addition to the fact that the Court's hearing notice apparently was misdirected, constitute a situation that is unlikely to be duplicated and was such a perfect storm that, only through luck would Counsel have avoided the necessity for the current Motion."

{¶12} The Geauga Humane Society responded in opposition.

{¶13} A hearing was held on the motion for attorney fees and the motion for relief from judgment on September 24, 2018. Testimony was heard, and other evidence was presented.

{¶14} On September 25, 2018, the Municipal Court entered an order denying Marcellino's motion for relief from judgment, stating: "The Court deemed the filing of this complaint as forum shopping, and it was dismissed as jurisdiction remained in the Geauga County Probate Court at the time of filing. This case was not dismissed for a non-appearance of any parties."

5

{¶15} In the same order, the Municipal Court granted the Geauga Humane Society's motion for attorney fees: "Defendant is awarded attorney's fees from Plaintiff in the amount of $1,952.50."

{¶16} Marcellino filed a timely notice of appeal from the September 25, 2018 order and presents one assignment of error: "It was an abuse of discretion for the Municipal Court to dismiss the Replevin Complaint and to award attorneys' fees for its filing." She presents two issues for review:

> [1.] Is the filing of an action for Replevin seeking the return of animals that were wrongfully seized by a humane agent when another action in another Court also could order the return of the same animals, improper such that the Replevin must be dismissed and attorney's fees awarded to the Replevin defendants?
>
> [2.] Can attorneys fees be awarded absent a finding of actual malice and an award of punitive damages?

{¶17} In her first issue presented for review, Marcellino asserts it was improper for the Municipal Court to dismiss her replevin action.

{¶18} At oral argument, the Geauga Humane Society asserted, for the first time, that this court does not have jurisdiction to consider this issue. It argued the denial of Marcellino's Civ.R. 60(B) motion is not a final, appealable order because the Municipal Court dismissed the replevin action "without prejudice." *See* Civ.R. 41(B)(4)(a) (an involuntary dismissal for lack of jurisdiction operates as a failure other than on the merits); *Thomas v. Target Stores*, 11th Dist. Geauga No. 2009-G-2906, 2010-Ohio-1158, ¶18 (a dismissal without prejudice is not generally a final, appealable order because, in most cases, a party may refile or amend a complaint). The Geauga Humane Society has not filed a motion to dismiss the appeal, in whole or in part. Thus, Marcellino has not been afforded an opportunity to respond to this assertion. We do not find, however, that this

6

court is unambiguously without jurisdiction to consider the issue. It is arguable that the dismissal, which was based on attempted forum shopping and jurisdictional priority, affected a substantial right in the action that in effect determined the action and prevented a judgment. *See* R.C. 2505.02(B)(1). We therefore labor under the defensible assumption that we have jurisdiction to consider the issue.

{¶19} The result, however, is no more beneficial to Marcellino. Her arguments are not properly raised in an appeal from the denial of a Civ.R. 60(B) motion for relief from judgment. In fact, Marcellino neglects to acknowledge that the instant appeal was taken from the denial of her collateral attack rather than directly from the dismissal of her complaint.

{¶20} A Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal, nor can an appeal from the denial of a Civ.R. 60(B) motion raise issues that should have been brought in a direct appeal from the final judgment. *Bank of Am. N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶15 (citation omitted) (Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision"); *U.S. Bank Natl. Assn. v. Bartlett*, 11th Dist. Lake No. 2018-L-023, 2018-Ohio-4082, ¶16, citing *College Hills Assn. v. TT Group, LLC*, 11th Dist. Lake No. 2014-L-016, 2015-Ohio-1406, ¶20 (when a party fails to file a direct appeal from a final judgment, it is improper to use an appeal from a 60(B) denial as a substitute).

{¶21} Therefore, Marcellino's first issue for review is not well taken.

{¶22} Marcellino next asserts the Municipal Court abused its discretion in awarding attorney's fees without finding actual malice or any basis upon which to award

punitive damages. The motion for attorney's fees was brought, and granted, pursuant to Civ.R. 11 and R.C. 2323.51.

{¶23} Civ.R. 11 provides, in pertinent part:

> Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. * * * The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. *For a willful violation of this rule, an attorney or* pro se *party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.* Similar action may be taken if scandalous or indecent matter is inserted. [Emphasis added.]

{¶24} Pursuant to R.C. 2323.51(B)(1), "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." "The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section." *Id.* R.C. 2323.51(B)(4) provides that the award "may be made against a party, the party's counsel of record, or both."

{¶25} "Frivolous conduct" is defined, in relevant part, as conduct of a party to a civil action that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶26} "Unlike Civ.R. 11, R.C. 2323.51 does not require a showing that the individual willfully engaged in frivolous conduct. R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct." *Keith-Harper v. Lake Hosp. Sys., Inc.*, 11th Dist. Lake No. 2015-L-137, 2017-Ohio-7361, ¶16 (internal citations omitted). "Thus, a finding of frivolous conduct under R.C. 2323.51 is decided without inquiry as to what the individual knew or believed, and instead asks whether a reasonable lawyer would have filed the action or continued to pursue the claims in light of existing law or facts in a particular case." *Id.* (citations omitted).

{¶27} Further, neither Civ.R. 11 nor R.C. 2323.51 requires a finding of actual malice or an award of punitive damages before an award of attorney fees may be made against a party or a party's counsel of record.

{¶28} An order of replevin from the Municipal Court would have been in direct conflict with even Marcellino's version of the parties' agreement in the Probate Court and an interference with the Probate Court's jurisdictional priority. *See John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.*, 150 Ohio St. 349 (1948), paragraph

9

three of the syllabus ("When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings."). Thus, the attempt to invoke the Municipal Court's jurisdiction in these circumstances was not reasonable.

{¶29} Marcellino has not demonstrated the Municipal Court abused its discretion in awarding attorney fees to Geauga Humane Society.

{¶30} Marcellino's second issue presented for review is not well taken, and her sole assignment of error is without merit.

{¶31} The judgment of the Chardon Municipal Court is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.