[Cite as *Krlich v. Shelton*, 2019-Ohio-3441.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GARRICK G. KRLICH, | : | **O P I N I O N** |
| Plaintiff, | : | |
| LUCINDA KRLICH, | : | **CASE NO. 2018-T-0104** |
| Plaintiff-Appellant, | : | |
| - vs – | : | |
| MATTHEW P. SHELTON, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 02134.

Judgment: Affirmed.

*Scott C. Essad*, 721 Boardman-Poland Road, Suite 201, Boardman, OH 44512 (For Plaintiff-Appellant).

*Michael D. Rossi*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendants-Appellees).

MARY JANE TRAPP, J.

{¶1} Appellant, Lucinda Krlich, appeals the judgment of the Trumbull County Court of Common Pleas adopting a magistrate's decision that ordered her to pay attorney fees in the amount of $8,250 for frivolous conduct.

**{¶2}** Since Mrs. Krlich failed to file a transcript of the magistrate's evidentiary hearing with the trial court within 30 days of filing her objections to the magistrate's decision, our review is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. We find no clear error or other defect on the face of the magistrate's decision determining Mrs. Krlich engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) and (i).

**{¶3}** Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

### Substantive History and Procedural Background

**{¶4}** On November 26, 2014, appellant, Lucinda Krlich ("Mrs. Krlich"), and Garrick Krlich (collectively, the "Krliches"), through counsel, filed a complaint captioned "Intentional Infliction of Emotional Distress" in the Trumbull County Court of Common Pleas against appellees, Mary Beth Foltz, Brian Stipetich, David Nicora, Brian Trinckes, Tracy Trinckes, Florence Buydos, Barbara Novotny, Adam Novotny, and Timothy Novotny (collectively, the "appellees"), as well as 29 other defendants.

**{¶5}** The Krliches' complaint alleged that over a period of time exceeding 42 months, the appellees and the other defendants (1) deliberately harassed/annoyed and menaced/stalked them, (2) trespassed, (3) blatantly violated the sanctity of their residence in Hubbard, Ohio and their entitlement to privacy and quiet enjoyment, (4) intentionally and at all hours sounded automobile horns/sirens outside their residence and made harassing phone calls, (5) drove over their side yard lawn, (6) paint-balled the side of their residence, (7) strew trash over their front lawn, (8) made threats of physical harm through electronic messaging, (9) made lewd gestures, and (9) defamed their

2

reputations by making slanderous remarks and libelous comments through electronic messaging.

**{¶6}** The Krliches' alleged damages consisted of loss of value of their real estate, extreme sleep deprivation, anxiety, debilitating emotional distress, loss of income, and medical expenses.

**{¶7}** The appellees, through counsel, sent correspondence to the Krliches' counsel requesting dismissal of the appellees and offering to provide affidavits indicating none of them had engaged in the alleged conduct.

**{¶8}** This was apparently unsuccessful since the appellees jointly filed an answer denying the allegations and a counterclaim against the Krliches and their counsel for alleged violations of Civ.R. 11 and R.C. 2323.51.

**{¶9}** The Krliches propounded no discovery after filing their complaint and failed to respond to appellees' requests for admissions, which the trial court deemed as admitted.

**{¶10}** The appellees jointly moved for summary judgment, attaching their affidavits denying each allegation contained in the Krliches' complaint.

**{¶11}** The Krliches filed a brief in opposition, attaching their affidavits, photographs of vehicles taken from a video system they installed outside their residence, and copies of vehicle registrations relating to each appellee. In their affidavits, the Krliches asserted that they had witnessed and visually recorded vehicles registered to each appellee repeatedly driving past their residence and sounding the automobile horn.

**{¶12}** The trial court issued a judgment entry granting the appellees' motion for summary judgment. The trial court construed the Krliches' complaint as asserting claims

3

for defamation, intentional infliction of emotional distress, trespass, and nuisance. It found the Krliches had not presented any evidence of defamation, trespass, or nuisance.

{¶13} With respect to intentional infliction of emotional distress, the trial court found that honking a horn did not constitute extreme and outrageous conduct that went beyond all possible bounds of decency. According to the trial court, the Krliches' affidavits only established a horn was blown from appellees' automobiles, not that the appellees blew the horn. Finally, the trial court found that the Krliches provided no evidence to establish severe emotional distress.

{¶14} The Krliches appealed the trial court's judgment, which we dismissed for lack of a final, appealable order in *Krlich v. Shelton*, 11th Dist. Trumbull No. 2016-T-0003, 2016-Ohio-3292. At the time of the appeal, the trial court had not entered judgment on the appellees' counterclaim, and there had been no disposition against another defendant. *Id.* at ¶10.[1]

{¶15} Following our dismissal of the appeal, the magistrate held a hearing on appellees' counterclaim, where the parties offered testimony and evidence. The magistrate subsequently issued a decision finding as follows: (1) "there was no good ground to support any of the claims against" the appellees "[w]ithin the meaning of Civil Rule 11"; (2) "the allegations in the complaint had no evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (3) "the bringing and/or maintenance of this action served merely to harass, annoy and maliciously injur[e]" the appellees. The magistrate also incorporated by reference the trial court's judgment entry granting summary judgment in favor of the

---

1. The trial court's docket reflects it granted summary judgment to this defendant on May 3, 2018.

4

appellees. The magistrate awarded $8,250 in attorney fees to the appellees and against the Krliches for frivolous conduct.

{¶16} The Krliches filed objections to the magistrate's decision but did not file a transcript of the evidentiary hearing with the trial court. The trial court adopted the magistrate's decision in its entirety and entered judgment against the Krliches on the appellees' counterclaim.

{¶17} Mrs. Krlich now appeals, asserting the following assignment of error:

{¶18} "The trial court erred when it held that Appellant Lucinda Krlich's complaint was frivolous, had no evidentiary support, and was brought in bad faith to harass, injure, or annoy. To the contrary, there were good grounds to file the complaint, even if it was ultimately unsuccessful."

{¶19} Garrick Krlich is not a party to this appeal, and Mrs. Krlich's current appeal does not involve the trial court's granting of summary judgment in favor of the appellees.

**Standard of Review**

{¶20} Mrs. Krlich's failure to file a transcript of the magistrate's hearing with the trial court is determinative of our standard of review.

{¶21} Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period. Civ.R. 53(D)(3)(b)(iii) describes certain requirements to support an objection to a magistrate's factual findings, stating in pertinent part:

{¶22} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that

5

evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

**{¶23}** Without a transcript, the trial court's review of the magistrate's findings of fact is limited to determining whether those findings support the magistrate's conclusions of law. *Smith v. Treadwell*, 11th Dist. Lake No. 2009-L-150, 2010-Ohio-2682, ¶25. When no transcript is provided to the trial court in support of factual objections to a magistrate's decision, an appellate court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. *Id.* "Under such circumstances, therefore, an appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error of law or other defect on its face." *Id*.

**{¶24}** Mrs. Krlich timely filed objections to the magistrate's decision within the 14 days allotted under Civ.R. 53(D)(3)(b)(i). We have previously held findings of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) and (i) are factual determinations. *See Keith-Harper v. Lake Hospital System, Inc.*, 11th Dist. Lake No. 2015-L-137, 2017-Ohio-7361, ¶24 (regarding R.C. 2323.51(A)(2)(a)(iii)); *State Farm Ins. Cos. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, ¶28 (regarding R.C. 2323.51(A)(2)(a)(i)). Therefore, Mrs. Krlich's objections were based entirely on the magistrate's findings of fact. However, Mrs. Krlich did not file a transcript of the magistrate's proceeding or an affidavit within 30 days of filing the objections. After expiration of the 30 days, the trial court adopted the magistrate's decision in its entirety.

6

**{¶25}** Although a transcript of the magistrate's hearing is included in the record on appeal, our review is limited to the record as it existed at the time the trial court rendered its judgment. (Citations omitted.) *Bahgat v. Kissling*, 10th Dist. Franklin No. 17AP-641, 2018-Ohio-2317, ¶36. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶13, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Therefore, we may not consider the hearing transcript in ruling on Mrs. Krlich's assignment of error.

**{¶26}** Thus, we determine whether the trial court abused its discretion in adopting the magistrate's decision, i.e., whether there was clear error or other defect on its face.

### Frivolous Conduct

**{¶27}** In her sole assignment of error, Mrs. Krlich argues her complaint was not frivolous, had evidentiary support, and was not brought in bad faith to harass, injure, or annoy.

### *Civ.R. 11*

**{¶28}** Although Mrs. Krlich mostly argues that her conduct was not frivolous under R.C. 2323.51, she also disputes any existence of "bad faith" and refers to Civ.R. 11 in her question presented for review. We disagree that the magistrate's decision imposed attorney fees against Mrs. Krlich pursuant to Civ.R. 11.

**{¶29}** Civ.R. 11 requires "at least one attorney of record" of a represented party or a "party who is not represented by an attorney" to sign every motion, pleading, or other document filed in a civil action. This signature serves as a certificate that (1) the attorney of record or pro se party filing the document has read the document, (2) everything contained in it is true to the best of the individual's knowledge, (3) there is a good ground

7

to support it, and (4) its purpose was not to delay. Civ.R. 11; *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 & 2012-L-016, 2013-Ohio-60, ¶52.

{¶30} Civ.R. 11 further provides that "[f]or a willful violation of this rule, *an attorney or pro se party* * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." (Emphasis added.)

{¶31} By its own terms, Civ.R. 11 authorizes an award only against attorneys or pro se parties, not represented parties. *See Sauerwein v. Sauerwein*, 6th Dist. Lucas No. L-95-084, 1996 WL 38809, *7 (Feb. 2, 1996); *Shaffer v. Mease*, 66 Ohio App.3d 400, 410 (4th Dist.1991); *Stevens v. Kiraly*, 9th Dist. Wayne Nos. 1957 & 1983, 1984 WL 4031, *2 (Nov. 15, 1984).

{¶32} The appellees' counterclaim sought damages against the Krliches and their counsel. Although the magistrate decision states "there was no good ground" to support any of the Krliches' claims "within the meaning of Civil Rule 11," the magistrate did not render an award against the Krliches' attorney of record. We therefore construe the magistrate's decision as awarding judgment solely against the Krliches and solely pursuant to R.C. 2323.51. Mrs. Krlich's first assignment of error is overruled to the extent it assigns error based on Civ.R. 11.

### R.C. 2323.51

{¶33} R.C. 2323.51 serves to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. *Filonenko v. Smock Constr., LLC*, 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, ¶14. The statute was designed to chill egregious, overzealous, unjustifiable and frivolous action. (Citations omitted.) *Ferron v. Video Professor*, Inc. 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶45. In

8

determining whether conduct is frivolous, courts must carefully apply the statute so that legitimate claims are not chilled. (Citation omitted.) *Id.*

**{¶34}** Pursuant to R.C. 2323.51(B)(1), "at any time not more than thirty days after the entry of final judgment in a civil action * * *, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action * * *." The award may be made "against a party, the party's counsel of record, or both." R.C. 2323.51(B)(4).

**{¶35}** "Conduct" includes, in relevant part, "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action[.]" R.C. 2323.51(A)(1)(a).

**{¶36}** "Frivolous conduct" means the conduct of a party or the party's attorney that satisfies any of the following:

**{¶37}** "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

**{¶38}** "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

**{¶39}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9

**{¶40}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief." R.C. 2323.51(A)(2)(a)(i) through (iv).

**{¶41}** R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct. (Citation omitted.) *Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, ¶41. Thus, a finding of frivolous conduct under R.C. 2323.51 is decided without inquiry as to what the individual knew or believed. (Citation omitted.) *Omerza v. Bryant & Stratton*, 11th Dist. Lake No. 2006-L-147, 2007-Ohio-5216, ¶15.

### R.C. 2323.51(A)(2)(a)(iii)

**{¶42}** R.C. 2323.51(A)(2)(a)(iii) defines "frivolous conduct" as "conduct [that] consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." A party only needs minimal evidentiary support for its allegations or factual contentions to avoid a frivolous conduct finding. *Carasalina LLC v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶36.

**{¶43}** The magistrate's decision reflects that the Krliches presented evidence in the form of "a flash drive, the testimony of a retired FBI agent who 'ran the license plates' of the honking cars to determine ownership, and [Mr. Krlich's] own testimony to verify the images on the flash drive showed 'horn honking' by the various [appellees]."

**{¶44}** Considering this evidence, the magistrate found "the allegations in the complaint had no evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Specifically, the magistrate found: (1) honking a horn on an unspecified number of occasions does not

10

constitute extreme and outrageous conduct that goes beyond all possible bounds of decency; (2) the Krliches' evidence did not show the appellees themselves blew the horn; (3) appellees filed affidavits denying they honked their horns specifically to disturb the Krliches, which appellees' counsel offered to the Krliches early in the litigation; and (4) there was no way to determine the circumstances on the road at the time of the honking.

{¶45} Mrs. Krlich argues the evidence of the appellees' conduct, i.e., the audio/video "buttressed by the BMV records," constitutes evidentiary support. Similarly, the dissent argues that Mrs. Krlich's evidence, which "showed there existed some nexus between the defendants and the 'horn honking'" provided a sufficient factual basis for her complaint. We disagree.

{¶46} Although the materials qualify as "evidence," they do not constitute "evidentiary support" for Mrs. Krlich's allegations of tortious conduct in the complaint. *See Norris v. Philander Chase Co.*, 5th Dist. Knox No. 10-CA-04, 2010-Ohio-5297, ¶24 (finding frivolous conduct where litigant lacked evidence to prove all the elements of a tort at the time of the filing of the complaint).

{¶47} For instance, the materials do not support allegations that the appellees themselves actually drove the offending vehicles. In fact, the complaint indicates that one of the appellees resided in Gates Mills in Cuyahoga County, which is over 60 miles away from Mrs. Krlich's residence in Hubbard. *See Stevenson, supra,* at ¶48 (finding frivolous conduct where complaint was filed based solely on assumptions and suspicions and without any investigation).

{¶48} Even if the appellees did in fact drive the offending vehicles, Mrs. Krlich's evidence does not support her allegations that the appellees acted intentionally to harass or annoy her rather than responding to valid road conditions.

11

**{¶49}** And even if the appellees tried to harass or annoy her, Mrs. Krlich's evidence does not support her allegations that such conduct was extreme and outrageous that went beyond all possible bounds of decency and caused her serious emotional distress. The magistrate found that the evidence showed horn-honking "on an unspecified number of occasions."

**{¶50}** Obviously, Mrs. Krlich's evidence could not support allegations of menacing, stalking, trespassing, phone harassment, paintballing, trash strewing, or electronic messaging.

**{¶51}** We find no clear error or other defect on the face of the magistrate's decision determining that Mrs. Krlich engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii).

### R.C. 2323.51(A)(2)(a)(i)

**{¶52}** R.C. 2323.51(A)(2)(a)(i) defines "frivolous conduct" as "conduct [that] obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

**{¶53}** The magistrate found the "the bringing and/or maintenance" of the action "served merely to harass, annoy and maliciously injure" the appellees.

**{¶54}** Mrs. Krlich argues she did not bring the action to harass or injure the appellees because she had "good information" to bring it, consisting of the videos and BMV records. However, as discussed above, this evidence did not support Mrs. Krlich's allegations that the defendants engaged in tortious conduct.

**{¶55}** Mrs. Krlich also argues nothing in the evidence "revealed a harassing or malicious intent." However, R.C. 2323.51(A)(2)(a)(i) does not require evidence of intent. Instead, the "conduct" must "*obviously* serve[] merely to harass or maliciously injure

12

another party to the civil action." (Emphasis added.)   R.C. 2323.51(A)(2)(a)(i).   As previously indicated, R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct.  *Stevenson*, *supra*, at ¶41.

**{¶56}**  Mrs. Krlich further argues her counsel's failure to issue discovery requests to the appellees constituted "trial decisions" rather than frivolous conduct.  We disagree.

**{¶57}**  Along with their joint motion for summary judgment, the appellees filed affidavits denying they had honked their horns specifically to disturb the Krliches.  The magistrate's decision indicates appellees' counsel offered to provide these affidavits to the Krliches early in the litigation.

**{¶58}**  Mrs. Krlich issued no discovery requests to the appellees.  In addition, she failed to respond to their requests for admissions, which the trial court deemed as admitted.

**{¶59}**  While the failure to conduct discovery is not in and of itself frivolous conduct, once faced with opposing evidence in the form of affidavits from the defendants denying any participation in the alleged events, one must either take the opportunity to investigate further (by confronting the appellees at deposition or through requests for admissions) and provide evidence supporting the elements of the claims for relief or dismiss.  Mrs. Krlich did neither.

**{¶60}**  As the Tenth District has held, "[i]f a party makes an allegation or factual contention on information or belief, then the party must have the opportunity to investigate the truth of that allegation or factual contention."  *Carasalina*, *supra,* at ¶36.  "However, if a party persists in relying on that allegation or factual contention when no evidence supports it, then the party has engaged in frivolous conduct."  *Id.*

13

**{¶61}** Mrs. Krlich turned a blind eye to evidence that unequivocally refuted her allegations. Her persistence amounts to frivolous conduct. *See Carasalina* at ¶38 (holding that a litigant's "persistence" in pursuing disproven allegations amounted to frivolous conduct); *Keith-Harper*, *supra*, at ¶29 (affirming a finding of frivolous conduct where counsel continued to pursue a litigant's claims after depositions established that the complaint lacked merit); *Masturzo v. Revere Rd. Synagogue*, 98 Ohio App.3d 347, 353 (9th Dist.1994) (affirming a finding of frivolous conduct for litigant's failure to dismiss in a timely fashion after being informed that the defendant did not have an interest in the property that was the subject of the action).[2]

**{¶62}** We find no clear error or other defect on the face of the magistrate's decision determining that Mrs. Krlich engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(i).

**{¶63}** Mrs. Krlich also argues her claim for intentional infliction of emotional distress was not frivolous under R.C. 2323.51(A)(2)(a)(ii) because it was warranted under existing law. However, the magistrate did not consider whether the Krliches' conduct was frivolous under this portion of the statute, so we do not need to address this argument.

**{¶64}** In addition, since Mrs. Krlich has not appealed the trial court's judgment entry granting summary judgment in favor of the appellees, we also do not need to address her various arguments disputing the merits of that ruling.

**{¶65}** The trial court did not abuse its discretion in adopting the magistrate's decision. Thus, Mrs. Krlich's sole assignment of error is without merit.

---

2. Although the cited cases involved findings of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii), we find the analysis equally applicable to whether Mrs. Krlich's persistence in maintaining her claims served to merely harass or maliciously injure the appellees under R.C. 2323.51(A)(2)(a)(i).

**{¶66}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

TIMOTHY P. CANNON, J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, J., dissenting.

**{¶67}** Respectfully, I dissent from the opinion of the majority, as I believe the trial court's adoption of the magistrate's decision was an abuse of discretion.

**{¶68}** In her objections to the magistrate's decision and on appeal, appellant challenges the magistrate's factual findings that her allegations have "no evidentiary support" and that her conduct "served merely to harass, annoy and maliciously injure" the defendants.

**{¶69}** Generally, a trial court's determination of frivolous conduct under R.C. 2323.51(A)(2)(a), when based on factual findings rather than a question of law, is afforded a degree of deference. Further, an appellate court must presume the regularity of proceedings in the absence of a transcript. *See*, *e.g.*, *Carasalina LLC v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶37 (citations omitted) ("Appellate courts will not reverse a determination that conduct is frivolous under R.C. 2323.51(A)(2)(a)(iii) unless the record lacks competent, credible evidence to support the trial court's factual findings."); *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28466, 2017-Ohio-7693, ¶12 (citations omitted) ("Without a transcript, an appellant cannot

15

demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted.").

{¶70} Here, however, the magistrate's factual findings that appellant's complaint had "no evidentiary support" and that it was pursued "merely to harass, annoy, or maliciously injure" are belied by other contradictory findings in the magistrate's own decision.

{¶71} The magistrate acknowledged that appellant "presented evidence in the form of a flash drive, the testimony of a retired FBI agent who 'ran the license plates' of the honking cars to determine ownership, and his own testimony to verify that the images on the flash drive showed 'horn honking' by the various Defendants." The magistrate further found that "the evidence showed at most that the vehicles registered to the Defendants had their respective horn honked, not that the individual Defendant himself or herself blew the horn. This is fatal to Plaintiffs' case because Plaintiffs did not and cannot identify any Defendant as the 'horn-honker.'"

{¶72} While this evidence may have not been sufficient to avoid summary judgment in favor of the defendants, it does not support a finding that there was no factual or legal basis for appellant's complaint—it, in fact, showed there existed some nexus between the defendants and the "horn honking." It also contradicts the finding that appellant's purpose was merely to harass, annoy, and maliciously injure the defendants. There does not appear to be any dispute that people were driving by appellant's house at all hours, in vehicles owned by the defendants, repeatedly honking their horns.

{¶73} I further disagree with the majority's conclusion that appellant was frivolous because she "turned a blind eye to evidence that unequivocally refuted her allegations." The evidence to which this statement refers was in the form of the defendants' own self-

16

serving affidavits, in which they denied honking their horns to harass appellant. This is hardly unequivocal evidence. And appellant's persistence, without vigorously pursuing discovery in response to it, is hardly proof of frivolous conduct intended to harass, annoy, or maliciously injure the defendants.

{¶74} Accordingly, I believe the magistrate's determination that appellant engaged in frivolous conduct is not supported by the magistrate's own contradictory factual findings. The trial court's adoption of the magistrate's decision ordering appellant to pay attorney fees to appellees was, therefore, an abuse of discretion. I would reverse the ruling of the trial court and vacate the entry ordering appellant to pay the defendants' attorney fees.