[Cite as *Middleton v. Luna's Restaurant & Deli, L.L.C.*, 2012-Ohio-348.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DAVID B. MIDDLETON

        Plaintiff-Appellee

-vs-

LUNA'S RESTAURANT AND DELI, LLC, ET AL

        Defendant-Appellees

JUDGES:
:    Hon. W. Scott Gwin, P.J.
:    Hon. William B. Hoffman, J.
:    Hon. John W. Wise, J.
:
:
:    Case No. 2011-CA-00181
:
:
:    O P I N I O N


MIKE TABBAA

        Defendant-Appellant


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Stark County Court of Common Pleas, Case No. 2010 CV003251 |
| JUDGMENT: | Vacated |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DAVID B. SPALDING | MIKE TABBAA   PRO SE |
| 157 Wilbur Drive N.E. | 8405 Cherry Hill Lane |
| North Canton, OH  44720 | Broadview Heights, OH  44147 |

*Gwin, P.J.*

{1} Defendant-appellant Mike Tabbaa appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which affirmed the decision of a magistrate overruling appellant's motion for relief from judgment. Plaintiff-appellee is David B. Middleton. Appellant assigns four errors to the trial court:

{2} "I. THE TRIAL COURT ERRED IN PROCEEDING WITH THE CASE ONCE THE NOTICE OF APPEAL WAS FILED ON JANUARY 7, 2011. THUS, ALL JUDGMENTS RENDERED AFTER THIS DATE, MOST NAMELY THE DEFAULT JUDGMENT AGAINST MR. TABBAA ARE VOID AND MUST BE VACATED.

{3} "II. EVEN THOUGH THE TRIAL COURT WAS WITHOUT JURISDICTION TO PROCEED ON MR. TABBAA'S MOTION FOR RELIEF FROM JUDGMENT, ITS DENIAL OF SAID MOTION IS IN ERR (sic) AS A MATTER OF LAW.

{4} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN RULING ON APPELLEE'S SUPPLEMENTAL PLEADINGS BECAUSE APPELLEE NEVER SOUGHT LEAVE NOR WAS GRANTED LEAVE TO FILE SUCH PLEADINGS.

{5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN RULING ON THE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND GRANTING DEFAULT JUDGMENT AGAINST MR. TABBAA BECAUSE HE WAS NOT A NAMED PARTY DEFENDANT IN THIS PLEADING."

{6} For the reasons that follow, we vacate the judgment of the trial court.

{7} A review of the docket demonstrates the original personal injury complaint in this matter was filed September 7, 2010. On October 15, 2010, the court granted a default judgment in favor of Middleton as to liability only. On October 29, 2010, a

magistrate entered judgment in favor of Middleton in the amount of $242,240.49 plus costs.  On November 10, 2010, counsel for defendant entered an appearance and on November 15, 2010, objected to the magistrate's decision of October 29.  On December 21, 2010, appellant moved to vacate the default judgment and also to file an answer instanter.  The court overruled both branches of the motion, and on January 7, 2011, appellant filed a notice of appeal.  It appears that appellant did not deposit a supersedes bond, and the court overruled his motion for stay.  Middleton then began to take steps to execute his judgment while the matter was pending before us.

{8}   On February 11, 2011, Middleton filed a document headed "Supplemental Complaint", in which he added two defendants and additional claims.  On March 22, 2011, Middleton filed a motion for default judgment on the Supplemental Complaint.  On March 25, 2011, Middleton filed a document captioned "Amended and Second Supplemental Complaint", adding yet had another defendant.  The court granted a default judgment on the first Supplemental Complaint on March 28, 2011.  On May 26, 2011, the court granted a default judgment on the second Supplemental Amended Complaint.

{9}   On August 29, 2011, this court journalized its decision affirming the trial court's original judgment.  *Middleton v. Luna's Restaurant & Deli, LLC,* Fifth District App. No. S2011-CA-00004, 2011-Ohio-4388, 2011WL3847184.

{10}  In this second appeal, appellant argues the trial court lacked jurisdiction to proceed on the amended and supplemental complaints because the underlying judgment was pending before this court. Appellee replies a trial court has jurisdiction to proceed on issues entirely distinct from those raised on appeal.

**{11}** With few exceptions, a trial court loses jurisdiction over a case once a notice of appeal is filed. A court may proceed in matters which aid the pending appeal. *In Re: S. J.,* 106 Ohio St. 3d 11, 2005-Ohio-3215, 829 N.E. 2d 1207, ¶ 9. A court has jurisdiction to take action to enforce a judgment which is pending on appeal if there is no stay. *Sparks v. Sparks*, Twelfth App. No. CA2010-10-096, 2011-Ohio-5746, 20011WL5353081 at footnote 1. A court may consider collateral issues not related to the merits of the action, such as a motion for sanctions or a motion for criminal contempt. *State ex rel. Hummel v. Sadler,* 96 Ohio St. 3d 84, 2002-Ohio-3605, 771 N.E. 2d 853, ¶ 23, citations deleted. A trial court may not assume jurisdiction over matters inconsistent with the appellate court's jurisdiction to review, reverse, modify, or affirm the judgment. *State ex rel. Rock v. School Employees Retirement Board,* 96 Ohio St. 3d 206, 2002-Oihio-3957, 772 N.E. 2d 1197, ¶ 8 (per curium).

**{12}** Some of the matters the trial court dealt with while the first appeal was pending related to execution of the judgment against the original defendant, and the court had jurisdiction to do so. However, we find the new causes of action against new defendants based upon the underlying judgment on appeal before us should have been stayed for lack of jurisdiction until this court announced its decision. A party cannot amend or supplement a complaint upon which the trial court has already entered a final order resolving all the issues.

**{13}** We find the trial court lacked jurisdiction to proceed on the Supplemental Complaint and the amended Supplemental Complaint. Accordingly, we vacate the judgment in question.

**{14}** The first assignment of error is sustained. The remaining assignments of error are moot.

**{15}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DAVID B. MIDDLETON                      :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
LUNA'S RESTAURANT
AND DELI, LLC, ET AL                    :
                                        :
                                        :
            Defendants-Appellees        :        CASE NO. 2011-CA-00181

MIKE TABBAA

            Defendant-Appellant


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio, is vacated.  Costs to appellee.



                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. JOHN W. WISE