[Cite as *Lloyd v. Thornsbery*, 2021-Ohio-240.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN LLOYD, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2019-P-0108** |
| - vs - | : | |
| JOSHUA THORNSBERY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00230.

Judgment: Affirmed.

*Susan Lloyd,* pro se, P.O. Box 2577, Streetsboro, OH 44241 (Plaintiff-Appellant).

*Mark J. Hanna,* P.O. Box 301, Kent, OH 44240 (For Defendants-Appellees, C and N Forestry, Cindy Simcox, and Connor Zanoskar).

*Jason A. Whitacre,* Flynn, Keith & Flynn, 214 South Water Street, Kent, OH 44240 (For Defendants-Appellees, Apryle Davis, Darrel Huber, Eric Siwierka, Jamie Newman, Jason Ortman, Joshua Thornsbery, Nick Balas, Phillip Siwierka, Shelly Ortman, Staci Dalton Liddle, Theresa Giaimo, and Tim Welms).

*Lindsay N. Molnar,* Perduk & Associates Co., LPA, 3603 Darrow Road, Stow, OH 44224 (For Defendants-Appellees, Michael Szabo and Sandi Szabo).

*Daniel Bennett,* pro se, 119 Ebersole Road, Fredericktown, OH 43019 (Defendant-Appellee).

*Harley Angel a.k.a. Robin White*, pro se, 10254 Brosius Road, Garrettsville, OH 44231 (Defendant-Appellee).

*Amanda Shuherk,* pro se, 08577 County Road C, Bryan, OH 43506 (Defendant-Appellee).

*David Trussel,* pro se, 6412 Linda Lane, Ravenna, OH 44266 (Defendant-Appellee).

*Frank Chlad,* pro se, 10122 William Henry Drive, Streetsboro, OH 44241 (Defendant-Appellee).

*Jaird Kendzior,* pro se, 1094 Moneta Avenue, Aurora, OH 44202 (Defendant-Appellee).

*Marty Kendzior,* pro se, 6576 Munsell Road, Howell, MI 48843 (Defendant-Appellee).

*Rebecca Schaffer,* pro se, 6412 Linda Lane, Ravenna, OH 44266 (Defendant-Appellee).

*Sebastian Dzialuk,* pro se, 7085 Seven Hills Boulevard, Seven Hills, OH 44131 (Defendant-Appellee).

*Sue Whitlam,* pro se, 466 Brentwood Avenue, Kent, OH 44240 (Defendant-Appellee).

*William Taylor,* pro se, 2122 Gates Avenue, Streetsboro, OH 44241 (Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Susan Lloyd, pro se, appeals six Judgment Entries or Orders of the Portage County Court of Common Pleas, which generally denied Ms. Lloyd's post-judgment motions and granted various defendant-appellees' motions and sanctions against Ms. Lloyd. For the reasons discussed herein, the judgments are affirmed.

{¶2} The underlying case stemmed from a dispute between Ms. Lloyd and her former next-door neighbor, Mr. Thornsbery, regarding, inter alia, his alleged trespassing and removal of trees allegedly located on her property. Ms. Lloyd brought suit against Mr. Thornsbery, the tree removal company, and many of Mr. Thornsbery's friends who posted negative comments about her on Facebook. Ms. Lloyd's fourth amended complaint spanned nearly 500 pages and alleged 101 causes of action against 26 defendants. The case proceeded to a five-day trial by jury. Numerous parties were dismissed at various times throughout the underlying proceedings; the jury found in favor

2

of certain defendants on 11 causes of action; the trial court granted directed verdict for 11 additional causes of action. After trial but before the court journalized the verdict, Ms. Lloyd's counsel, Attorney Hull, was permitted to withdraw his representation.

{¶3} She appealed various findings and motions pro se in a prior appeal; this court affirmed the trial court's judgments against her in *Lloyd v. Thornsbery,* 11th Dist. Portage No. 2019-P-0080, \_\_\_\_-Ohio-\_\_\_\_ ("*Lloyd I* ").

{¶4} Additionally, shortly after trial, several defendant-appellees filed motions for sanctions against Ms. Lloyd and Attorney Hull. The motion for sanctions against Attorney Hull was dropped but the motion for sanctions against Ms. Lloyd was ultimately granted. It is primarily from this decision that Ms. Lloyd now appeals, pro se, assigning nine errors.

{¶5} Preliminarily, we note that Ms. Lloyd argues for the applicability of the Federal Rules of Civil Procedure (FRCP) throughout her appeal. However, as Ms. Lloyd filed her complaint in state court, the Ohio Rules of Civil Procedure are applicable, not the FRCP. Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States *district* courts * * *." (Emphasis added.) However, as the Ohio Rules of Civil Procedure are often closely analogous to the FRCP, and in the interest of justice, alleged violations of the FRCP will be construed as if alleged to be violations of their Ohio counterparts.

{¶6} Ms. Lloyd's first assignment of error states:

{¶7} The trial court committed an abuse of discretion and reversible error by placing orders after July 16, 2019 and refusing to vacate them when the case was on appeal and the trial court had no jurisdiction(T.d. 479)(T.d. 486)(T.d. 504)(T.d.505)(T.d. 506)

{¶8} Under her first assignment of error Ms. Lloyd argues the court erred in awarding attorney fees, and that the trial court did not have jurisdiction to enter any orders

3

after she filed her first appeal on July 16, 2019. In support, she cites *Jay v. Massachusetts Cas. Ins. Co.,* 5th Dist. Stark No. 2009CA00056, 2009-Ohio-4519. Determination of a court's jurisdiction is a question of law we review de novo. *Id.* at ¶6.

{¶9} Though not specifically noted by Ms. Lloyd, the record shows the following orders issued after July 16, 2019 and appealed by Ms. Lloyd:

{¶10} October 10, 2019: an order setting final hearing on defendants' sanctions motions for October 18, 2019.

{¶11} October 18, 2019: order ruling on 33 miscellaneous motions filed, including 28 post-trial motions filed by Ms. Lloyd.

{¶12} October 18, 2019: order overruling motion to dismiss, granting a motion to appear by phone, dealing the record, and ordering parties to submit proposed sanctions orders.

{¶13} November 8, 2019 order sanctioning Ms. Lloyd.

{¶14} Two November 8, 2019 orders awarding attorneys' fees.

{¶15} November 8, 2019 judgment entry vacating the court's prior entry releasing the audio recordings.

{¶16} November 8, 2019 judgment entry overruling two additional motions filed by Ms. Lloyd.

{¶17} "Once an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *.'" *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978) and citing *Haller v. Borror*, 107 Ohio App.3d 432, 436 (10th Dist.1995). Even once an appeal is taken, a trial court "may consider collateral issues not related to the merits of the action, such as a motion for sanctions or a motion for criminal contempt." *Middleton v. Luna's*

4

*Restaurant & Deli, L.L.C.*, 5th Dist. Stark No. 2011-CA-00181, 2012-Ohio-348, ¶11, citing *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶23.

{¶18} And again, "[i]t is well-settled law that a trial court retains jurisdiction over proceedings in aid of execution of its judgments, even while those judgments are on appeal." *Horvath v. Packo,* 6th Dist. Lucas No. L-11-1318, 2013-Ohio-56, ¶16, citing *State, ex rel. Klein v. Chorpening,* 6 Ohio St.3d 3 (1983), citing R.C. 2505.08 ("[A]n appeal does not operate as a stay of execution until a stay of execution has been obtained * * * and a supersedeas bond is executed * * * "). "For this reason, Civ.R. 62(B) affords an appellant the opportunity to stay the judgment pending appeal through the giving of an adequate supersedeas bond." *Horvath, supra.*

{¶19} Here, it is undisputed that there was no stay of appeal, nor did Ms. Lloyd post a supersedeas bond. Moreover, the law is clear that the trial court retained jurisdiction to decide defendants' motion for sanctions, as sanctions are a collateral matter.

{¶20} As to the court's ruling on Ms. Lloyd's motions, Civ.R. 4(B)(2) states, in pertinent part:

{¶21} **Civil or juvenile post-judgment motion.** In a civil case or juvenile proceeding, if a party files any of the following, if timely and appropriate:

{¶22} (a) a motion for judgment under Civ.R. 50(B);

{¶23} (b) a motion for a new trial under Civ.R. 59;

{¶24} * * *

{¶25} (d) a request for findings of fact and conclusions of law under Civ.R. 52, Juv.R. 29(F)(3), Civ.R. 53(D)(3)(a)(ii) or Juv.R. 40(D)(3)(a)(ii);

{¶26} (e) a motion for attorney fees; or

5

{¶27} (f) a motion for prejudgment interest,

{¶28} then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings.

{¶29} If a party files a notice of appeal from an otherwise final judgment but before the trial court has resolved one or more of the filings listed in this division, then the court of appeals, upon suggestion of any of the parties, shall remand the matter to the trial court to resolve the postjudgment filings in question and shall stay appellate proceedings until the trial court has done so. * * *

{¶30} If the trial court had not ruled on the post-judgment motions, this court would have remanded the appeal, staying appellate proceedings until the trial court had ruled on them. Thus, the outcome would have been the same whether or not Ms. Lloyd's appeal was pending. The trial court did not err in entering these post-judgment orders.

{¶31} Accordingly, Ms. Lloyd's first assignment of error is without merit.

{¶32} Her second states:

{¶33} The trial court committed reversible error and abuse of discretion by sealing case 2016CV00230(T.d. 487)

{¶34} Under her second assignment of error, Ms. Lloyd argues the trial court erred by sealing this case. On October 18, 2019, the trial court entered a judgment, stating in part: "Defendants' Motion to Seal the Record is granted." However, on November 8, 2019, the court clarified that order, stating in part: "The Court's entry sealing the record pertains only to names and addresses of jurors and the verdict forms. All other filings, transcripts and exhibits of the case are NOT subject to this order." Thus, the record is not sealed, except for the identity and contact information of the jurors, and the jury verdict forms.

{¶35} Moreover, while there is no statute either authorizing or precluding the sealing of civil cases, the Ohio Supreme Court has recognized, "[t]he inherent authority

6

of a court to expunge and seal a record does not turn on whether a proceeding is criminal or civil. Rather, the determination is whether 'unusual and exceptional circumstances' exist and whether the interests of the applicant outweigh the legitimate interest of the government to maintain the record." *Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529, ¶16. *See also Capital One Bank, USA, N.A. v. Essex*, 2nd Dist. Montgomery No. 25827, 2014-Ohio-4247, ¶9.

{¶36} In this case, the unusual and exceptional circumstances are clear. Ms. Lloyd demonstrated a pervasive and consistent pattern of levying personal attacks, not based in any legitimate legal claim, on those who opposed her: the 26 defendants listed in her complaint, the attorneys who represented them, the first trial court judge, the appointed trial court judge, and the court staff. The record is fraught with Ms. Lloyd's meritless pro se filings, even during periods when she was represented by counsel. For example, she made numerous attempts to disqualify the two judges who presided over her case; after failed affidavits of disqualification to the Supreme Court of Ohio, the initial judge recused herself and the Supreme Court of Ohio appointed a visiting judge. Ms. Lloyd then filed at least four affidavits of disqualification against the visiting judge. In response to the last affidavit, the Supreme Court of Ohio warned her that future frivolous filings would result in sanctions against her. Additionally, she attempted to disqualify opposing counsel by sending their law firm an email offering negative character testimony against different opposing counsel in an unrelated case of eviction against him. She also accused the court and its staff of altering the transcripts to paint her in a negative light.

{¶37} By sealing the identities of the jurors, the trial court is protecting the privacy of the jurors. Moreover, she makes no allegation of error on the part of the jury on appeal

7

and makes no argument that she is prejudiced by the sealing of the jury records. Accordingly, we find no error in the court's decision to seal the jury verdict forms and jurors' identities, especially considering all other records in this case are open and part of the public record.

{¶38} Her second assignment of error is without merit.

{¶39} Her third assignment of error states:

{¶40} The trial court committed reversible error and an abuse of discretion by sanctioning Lloyd and refusing to dismiss all sanctions against Lloyd (T.d.487)(T.d. 505)(T.d. 506)

{¶41} Most of Ms. Lloyd 26-page argument under her third assignment of error are unsubstantiated claims, or attempts to relitigate the case, with minimal citations to the record or the law. Several of the arguments she makes were resolved by this court in *Lloyd I.* She is barred by res judicata from now raising issues that were or could have been raised in a previous appeal. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, (1995), syllabus ("[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). We reject the invitation to again address matters addressed in *Lloyd I*, including but not limited to the issues of admissibility of evidence, discovery, jury instructions, and attorney fees, in this present appeal.

{¶42} Nevertheless, in the interest of justice, we review the trial court's decision to sanction Ms. Lloyd. The standard of review to be utilized when reviewing rulings on R.C. 2323.51 is mixed; the trial court's initial decision that a party engaged in frivolous conduct that will not be disturbed where the trial court's findings are supported by competent, credible evidence. *Keith-Harper v. Lake Hosp. Sys., Inc.,* 11th Dist. Lake No. 2015-L-137, 2017-Ohio-7361, ¶23. The decision to assess a penalty for frivolous conduct

8

is reviewed for an abuse of discretion. *Id.* at ¶24. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *State v. Figueroa*, 11th Dist. Ashtabula No. 2016-A-0034, 2018-Ohio-1453, ¶26, citing *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶43} Preliminarily, we address Ms. Lloyd's jurisdictional argument. Ms. Lloyd argues that since she moved out of the state of Ohio in February 2019, the court no longer has personal jurisdiction over her to issue sanctions. However, Ms. Lloyd initially filed her lawsuit against defendants in the Portage County Court of Common Pleas, thus consenting its personal jurisdiction over her. Further, she may be deemed to have continually waived personal jurisdiction by failing to raise the issue at the trial level and continuing to request service, file motions, and respond to filings in the Portage County Court of Common Pleas. *See Sec. Ins. Co. v. Regional Transit Auth.,* 4 Ohio App.3d 24, 28 (8th Dist.1982) ("A question of personal jurisdiction (unlike a question of subject matter jurisdiction) may not be raised for the first time on appeal."); *Ohio Hosp. Ins. Co. v. Physicians Ins. Co. of Ohio,* 11th Dist. Lake No. 92-L-096, 1993 WL 548438, *6 (Dec.30, 1993)(noting that personal jurisdiction can be waived.).

{¶44} Ms. Lloyd also argues Civ.R. 11 authorizes sanctions against attorneys, not parties. However, Civ.R. 11 allows sanctions for willful violations of the rule by any attorney or a pro se party. *Id.* Here, Ms. Lloyd proceeded pro se at several instances, including the first filing of the complaint, and from the conclusion of the jury trial forward.

9

Moreover, though sanctions were brought against her under R.C. 2323.51 and Civ.R. 11, the court only found Ms. Lloyd's conduct frivolous under R.C. 2323.51.

{¶45} A motion for sanctions under R.C. 2323.51 requires a three-step analysis. *Keith-Harper, supra,* at ¶27. "First, did an individual engage in frivolous conduct. Second, if the conduct was frivolous, was another party adversely affected by the frivolous conduct. And third, the amount of award, if any." *Id.,* citing *Tipton v. Directory Concepts, Inc.,* 5th Dist. Richland No. 13CA61, 2014-Ohio-1215, ¶32.

{¶46} R.C. 2323.51(A)(2)(a) defines "frivolous conduct" in pertinent part as conduct of a party to a civil action that satisfies any of the following:

> {¶47} (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> {¶48} (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> {¶49} (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> {¶50} (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(2)(a).

{¶51} In this case, the court found objectively frivolous conduct, as stated in its findings of facts and conclusions of law. We will not reiterate all the trial court's findings, as they span several pages. Several of the most pertinent reasons the court found include the following:

{¶52} Ms. Lloyd disclosed prior to trial that she intended to call 55 witnesses during her case knowing they would not appear and testify and failing to properly procure their testimony; at trial, she only called five witnesses.

{¶53} Ms. Lloyd knew she did not possess all of the disclosed exhibits and defied the court's orders to provide defendants' counsel with all exhibits prior to trial. She attempted to provide color photographs at trial, but provided defendants' counsel with blotched, black and white copies.

{¶54} Ms. Lloyd knew or should have known that her case had no merit, that she could not prove her case, and that she had insufficient evidence to prove her case.

{¶55} She presented no evidence at trial in support of most of her claimed damages, including but not limited to presenting no evidence:

a. proving her medical conditions and that any action of defendants cause any medical condition;

b. that any defendant intentionally damaged or set foot on her property;

c. that the timber removed was on her property and caused a diminution of value of her property;

d. that any defendant made a false statement about her or was defamatory per se or caused special harm to her. She only presented evidence to show that defendants had a negative opinion of her;

e. that any statement of any defendant put her in a false light;

f. that any defendant owed her a duty, and breached such duty; and

g. that any defendant intentionally caused her emotion distress.

{¶56} Before, during, and after trial, she filed dozens of motions and other documents which included irrelevant information and served no legitimate purpose; the court found that her filings were designed only to harass and embarrass defendants and others, including employees of the court.

{¶57} Despite losing at trial, she continued to repeat her allegations in duplicitous filings that defendants had to answer.

11

{¶58} A party need only present minimal evidentiary support of its allegations or factual contentions to avoid a frivolous conduct finding. *Krlich v. Shelton*, 11th Dist. Trumbull No. 2018-T-0104, 2019-Ohio-3441, ¶42. In *Krlich,* however, this court found that although the appellant presented evidence, it did not constitute "evidentiary support" for her allegations. *Id.* at ¶46. The same can be said in this case. For example, Ms. Lloyd presented pictures of tree branches on what she purports is her property but did not show evidence to show the trees removed were on her property. She also showed a picture of a Facebook post with a picture Mr. Szabo posted of a man urinating on a fence, but nothing indicated that it was a picture of Mr. Szabo or Ms. Lloyd's fence.

{¶59} Further, while Ms. Lloyd argues that she did not intend to harass anyone with her filings, "R.C. 2323.51(A)(2)(a)(i) does not require evidence of intent." *Krlich, supra,* at ¶55. "Instead the 'conduct' must '*obviously* serve[ ] merely to harass or maliciously injure another party* * *.'" *Id.* quoting R.C. 2323.51(A)(2)(a)(i). This is an objective standard. *Krlich, supra.* In this case, Ms. Lloyd repeatedly filed duplicative motions and other documents after the court had already ruled on the same matter, or motions without a legal basis, causing the defendants to incur substantial legal cost to defend against them. They objectively could serve no other purpose than to harass the defendants.

{¶60} Finally, Ms. Lloyd insists that she should not be sanctioned because the presentation of evidence was her attorney's job. We are not persuaded. R.C. 2323.51 allows an award of attorney fees to be "made against a party, the parties counsel of record, or both." R.C. 2323.51(B)(4). "The objective of the statute is to impose sanctions on the person actually responsible for the frivolous conduct." *Stone v. House of Day*

12

*Funeral Serv., Inc.,* 140 Ohio App.3d 713, 723, (6th Dist.2000), citing *Scheiderer & Assoc. v. London*, 81 Ohio St.3d 94, 95 (1998). Here, it is Ms. Lloyd who initiated the case, failed to pay the arborist for his expert testimony, took the pictures of various Facebook posts and set up cameras toward Mr. Thornsbery's property, but failed to realize they were not evidence of cognizable claims, and filed numerous motions pro se both while she was represented by counsel and after he withdrew his representation.

{¶61} In light of the foregoing, the trial court's finding that many of Ms. Lloyd's actions before, during, and after trial constituted frivolous conduct under R.C. 2323.51(A)(2)(a) was supported by competent, credible evidence, and its decision to impose sanctions was not an abuse of discretion.

{¶62} Accordingly, her third assignment of error is without merit.

{¶63} Her fourth states:

{¶64} The trial court committed reversible error and an abuse of discretion by refusing to stay case 2016CV00230 until the appeals case 2019PA00080 is decided pursuant to civ R 62B(T.d. 486)

{¶65} Under her fourth assignment of error Ms. Lloyd argues the trial court erred by denying her motion to stay proceedings until this court decided *Lloyd I.* She also argues that based on *Jay, supra,* the trial court was without jurisdiction to award attorney fees because of the pending appeal. However, as this court discussed under the first assignment of error, the trial court did not lose its jurisdiction to award attorney fees while the *Lloyd I* appeal was pending.

{¶66} Furthermore, she based her motion to stay on Civ.R. 62(B), which deals with an appellant's ability to stay the enforcement of a judgment against the party seeking the appeal while the appeal is pending. However, this rule was not applicable as no party

13

was seeking an enforcement of a judgment. For this reason, we find no error in the trial court's decision denying her motion to stay proceedings.

{¶67} Accordingly, her fourth assignment of error is without merit.

{¶68} Her fifth states:

{¶69} The trial court committed reversible error and an abuse of discretion by refusing to release audiotape of the trial.(T.d. 504)

{¶70} Under her fifth assignment of error, Ms. Lloyd argues she only has to pay $2.50 per page for transcripts, that she should get them at cost, and that she is entitled to $1,000 in damages. She raised these issues in *Lloyd I* and is prohibited by res judicata from again appealing them. *See Grava, supra.*

{¶71} Accordingly, her fifth assignment of error is without merit.

{¶72} Her sixth states:

{¶73} The trial court committed reversible error and an abuse of discretion by refusing to assign an Attorney probono to Lloyd when her civil rights are being violated and trial court allowed Hull to withdraw in violation of local rule 20.04(T.d. 486)

{¶74} Under her sixth assignment of error Ms. Lloyd argues she has a right to counsel under the 14th Amendment and claims the trial court erred by allowing her former counsel, Attorney Hull, to withdraw his representation. This court addressed both of these alleged errors in *Lloyd I*, and Ms. Lloyd is barred by res judicata from raising the same issue again here. *Id.*

{¶75} Accordingly, her sixth assignment of error is without merit.

{¶76} Her seventh states:

{¶77} Trial court committed reversible error and an abuse of discretion by denying Lloyds Motion for a new trial and a mistrial without a hearing on the Motion(T.d. 486)

14

{¶78} Under her seventh assignment of error, briefly Ms. Lloyd argues the trial court by violating Portage County Loc.R. 8.03. However, as this court stated in *Lloyd I*, "violations of Local Rules do not generally constitute grounds for reversal." *Lloyd v. Thornsbery,* 11th Dist. Portage No. 2019-P-0080, ___-Ohio-___, ¶20, citing *Cart v. Fed. Natl. Mtge. Assoc.,* 11th Dist. Ashtabula No. 2011-A-0059, 2012-Ohio-2241, ¶49; *Yoel v. Yoel*, 11th Dist. Lake No. 2009-L-063, 2012-Ohio-643, ¶40; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶29-33. Ms. Lloyd has offered no reason for deviating from this standard.

{¶79} Furthermore, insofar as Ms. Lloyd appeals the denial of her motions filed in July 2019, this matter was discussed and resolved in *Lloyd I.* Thus, she is prohibited by res judicata from raising this issue again here. *See Grava, supra.* Insofar as Ms. Lloyd appeals the denial of her motions made on September 9, 2019, we find no error in the trial court's denial of these motions as they were repetitive motions filed after the 28-day deadline proscribed in the Ohio Rules of Civil Procedure. Civ.R. 59(B); Civ.R. 59(B).

{¶80} Accordingly, her seventh assignment of error is without merit.

{¶81} Her eighth states:

{¶82} The trial court committed reversible error and an abuse of discretion by denying Lloyds Motion to strike Szabos Supplemental Citation in Support of Attorneys fees.(T.d. 486)

{¶83} A trial court's decision on a motion to strike is reviewed for abuse of discretion. *Hicks v. Cadle Co.*, 11th Dist. Trumbull No. 2014-T-0103, 2016-Ohio-4728, ¶14. Under her eighth assignment of error Ms. Lloyd argues that Loc.R. 8.03 does not allow for supplemental filings and alleges the trial court erred by accepting this supplemental citation. Preliminarily, however, as stated above, violations of Local Rules do not generally constitute grounds for reversal.

15

{¶84} Moreover, we find no abuse of discretion on the part of the trial court in allowing this supplemental filing. On September 3, 2019, appellee-defendants, Michael and Sandi Szabo, filed, through Attorney Molnar, a Supplemental Citation in Support of Defendants' Motion for Attorney Fees and Related Expenses Pursuant to R.C. 2323.51. The case they attached, *Krlich, supra*, had been decided on August 26, 2019, subsequent to the appellee-defendants' filing their initial motion for attorney fees on July 10, 2019. As there is no possible way the appellee-defendants could have cited *Krlich* in their initial motion, and it was relevant authority from this district, we discern no error on the part of the trial court in allowing the supplemental citation.

{¶85} Accordingly, her eighth assignment of error is without merit.

{¶86} Her final assignment of error states:

{¶87} The trial court committed reversible error and an abuse of discretion by not swearing in the witnesses at October 18, 2019 hearing.

{¶88} Under her ninth assignment of error, Ms. Lloyd argues the trial court violated Federal Rule of Evidence 603 by not swearing in witness at the October 18, 2019 hearing. The Federal Rules of Evidence are applicable in United States courts, that is federal courts; Ms. Lloyd chose to bring suit in Ohio, under Ohio law. Accordingly, the Ohio Rules of Evidence apply to this case, not the Federal Rules of Evidence. The Ohio Rules of Evidence has an analogous provision: Evid.R. 603, which states "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so."

{¶89} However, she has not filed in this court the transcript of the October 18, 2019 hearing. "The duty to provide a transcript for appellate review falls upon the

appellant." *Crawford v. Kirtland Local School Dist. Bd. of Education*, 11th Dist. Lake No. 2018-L-010, 2018-Ohio-4569, ¶76, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.* Without transcripts to review, this court has no choice but to presume the validity of the lower court's proceedings and affirm. *Id.*

{¶90} Accordingly, her ninth assignment of error is without merit.

{¶91} In light of the foregoing, the judgments of the Portage County Court of Common Pleas are affirmed. Defendant-appellee, Amanda Shuherk's, motion for dismissal is denied.

MARY JANE TRAPP, P.J.,

TIMOTHY P. CANNON, J.,

concur.

17