[Cite as *Butt v. Butt*, 2026-Ohio-538.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FREDERICK A. BUTT, | Case No. 25CA00053 |
| Plaintiff - Appellant and Cross-Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Licking County, Case No. 22CV846 |
| GREGG A. BUTT, | Judgment:  Affirmed in Part, Reversed in Part, and Remanded |
| Defendant - Appellee and Cross-Appellant | Date of Judgment:  February 13, 2026 |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: G. Q. Buck Vaile, Marengo, Ohio, for Plaintiff-Appellant/Cross-Appellee; David Watkins and Kevin D. Dunn (Plank Law Firm), Columbus, Ohio, for Defendant-Appellee/Cross-Appellant.

*Gormley, J.*

**{¶1}**   Plaintiff Frederick Butt challenges here the trial court's finding that he engaged in frivolous conduct in the course of trial-court proceedings and ordering him to pay the attorney's fees of defendant Gregg Butt.  Gregg, in turn, argues that the trial court's order was justified, though he urges us to increase the award of attorney's fees.  For the reasons that follow, we affirm in part and reverse in part the trial court's judgment and remand the case so the trial court can reexamine the amount of attorney's fees that should be awarded to Gregg.

**The Key Facts**

**{¶2}**   Frederick and his sister, Marilyn Sue Ratai ("Sue"), inherited from their mother a home and the nine acres surrounding it on Northridge Road in Licking County's

St. Albans Township. In 2012, Frederick's son, Gregg, moved into the house. Frederick and Sue separately conveyed their interests in the property to Gregg in 2018, and then two years later Gregg moved out of the house.

{¶3} In August 2022, Frederick filed a complaint against Gregg asserting causes of action for fraud in the inducement, fraud in the execution, and civil conspiracy to perpetrate the fraud, and he asked the trial court to rescind the deed in which he had transferred his interest in the property to Gregg. According to Frederick's complaint, he had conveyed the property to Gregg with an expectation that Gregg would stay in the home and provide care to Frederick and Sue as they aged.

{¶4} A little over a year after filing the case, Frederick moved to amend the complaint to add claims that he said had been discovered during depositions. The trial court denied that motion and then later denied Frederick's request for reconsideration of that ruling.

{¶5} In 2024, the trial court granted Gregg's motion for summary judgment, finding that the quit-claim deed signed by Frederick in 2018 was a deed of purchase rather than a deed of gift, and parol evidence, according to the trial court, could not be used to attack that deed. On appeal, this court found that Ohio law does not bar parol evidence when fraudulent inducement is alleged. *Butt v. Butt*, 2024-Ohio-4689, ¶ 23 (5th Dist.). Even so, we affirmed the grant of summary judgment in Gregg's favor because nothing in the record suggested that he had knowingly made a material misrepresentation to induce Frederick to convey the property to him. *Id*. at ¶ 31–32. In that same appeal, we also considered and rejected Frederick's argument that summary-judgment motions are at odds with the Ohio Constitution's protection of the right to a jury trial, and we found, as

well, no error in the trial court's decision to deny Frederick's motion to amend his complaint.

**{¶6}** Meanwhile, Gregg filed a motion for sanctions under R.C. 2323.51 and Civ.R. 11 in the trial court. After a sanctions hearing, the trial court found that Frederick's counsel had engaged in several acts of frivolous conduct, and the court ordered Frederick to pay $12,340 of Gregg's attorney's fees.

**{¶7}** Frederick now appeals the trial court's order finding his conduct sanctionable, while Gregg, in a cross-appeal, alleges that the amount of attorney's fees that Frederick must pay is too low.

## Frederick and His Counsel Engaged in Some Frivolous Conduct

**{¶8}** Gregg filed his motion for sanctions under R.C. 2323.51 and Civ.R. 11. The trial court's entry sanctioning Frederick does not mention Civ.R. 11 at all, and it only briefly mentions R.C. 2323.51. Although both the rule and the statute spell out consequences for those who file and pursue frivolous claims, "the statute employs an objective test for frivolous conduct while the rule employs a subjective one." *Reich v. Manifold Cloud Servs., Ltd.*, 2025-Ohio-1049, ¶ 10 (9th Dist.).

**{¶9}** When presented with a motion for sanctions under R.C. 2323.51, a trial court should consider three questions: (1) whether an individual engaged in frivolous conduct; (2) if the conduct was frivolous, whether another party was adversely affected by the frivolous conduct; and (3) the amount of the award, if any. *Tipton v. Directory Concepts, Inc.*, 2014-Ohio-1215, ¶ 32 (5th Dist.).

**{¶10}** R.C. 2323.51(A)(1)(a) defines "conduct" as "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing

of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." Conduct is considered frivolous under the statute if it "(i) obviously serves merely to harass or maliciously injure another party . . . or is for another improper purpose . . . (ii) . . . is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law . . . (iii) . . . consists of allegations or other factual contentions that have no evidentiary support . . . [or] (iv) . . . consists of denials or factual contentions that are not warranted by the evidence." R.C. 2323.51(A)(2)(a)(i)–(iv).

{¶11} "'Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect.'" *Spitzer v. Knapp*, 2020-Ohio-399, ¶ 12, (5th Dist.), quoting *Harris v. Rossi*, 2016-Ohio-7163, ¶ 18 (11th Dist.). "'[A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Spitzer* at ¶ 12, quoting *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 30 (4th Dist.).

{¶12} Because R.C. 2323.51 calls for courts to employ an objective standard when determining whether sanctions should be imposed, a finding of frivolous conduct "is decided without inquiry as to what the individual knew or believed, and instead asks whether a reasonable lawyer would have brought the action in light of existing law." *Spitzer* at ¶ 13. A determination that conduct is frivolous may be a factual or legal determination. *Foland v. City of Englewood*, 2010-Ohio-1905, ¶ 32 (2d Dist.). "A trial court's factual finding that a party's conduct was frivolous will not be disturbed where the

record contains competent, credible evidence to support the court's determination," but "whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, which is reviewed de novo." *Id*. And the decision to assess a penalty for frivolous conduct is reviewed for an abuse of discretion. *Lloyd v. Thornsbery*, 2021-Ohio-240, ¶ 42 (11th Dist.). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} "A party need only present minimal evidentiary support of its allegations or factual contentions to avoid a frivolous conduct finding." *Lloyd* at ¶ 58. The mere fact that a trial court grants a motion made by the opposing party does not create sufficient grounds, alone, to constitute a frivolous filing under R.C. 2323.51. *Passmore v. Greene Cty. Bd. of Elections*, 74 Ohio App.3d 707, 713 (2d Dist. 1991).

{¶14} Under Civ.R. 11, an attorney must sign every pleading, motion, or other document, and the attorney's signature "constitutes a certificate by the attorney . . . that the attorney . . . has read the document; that to the best of that attorney's . . . knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Civ.R. 11 also allows for an award of attorney's fees incurred in bringing a motion for a willful violation of the rule. A trial court has broad discretion in determining what sanction, if any, should be imposed for violating the rule. *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 290 (9th Dist. 1992).

{¶15} After conducting a hearing on the motion for sanctions, the trial court in this case found that Frederick's counsel — attorney Vaile — engaged in "numerous forms" of

frivolous conduct, including the filing of an untimely jury demand, engaging in improper mediation sessions before the lawsuit was filed, and pursuing multiple appeals. Although the trial court indicated that its list of attorney Vaile's frivolous conduct was not exhaustive, the court did not give any indication that it considered the filing of the complaint itself to be frivolous. and the court did not award damages commensurate with such a finding. Of the almost $80,000 sought by Gregg for his attorney's fees, the trial court awarded only $12,340.

**{¶16}** After reviewing the record, we find competent and credible evidence that supports the trial court's finding that attorney Vaile engaged in some frivolous conduct. We find, however, that the act of filing the lawsuit itself was not frivolous because nothing in the record suggests that the suit was initiated for an improper purpose, because the legal claims in the complaint were all ones recognized in Ohio law, and because Frederick Butt's factual allegations were ones that, if proven, could have supported a judgment in his favor. Although Frederick was ultimately unsuccessful in proving his claims against Gregg, we cannot say that "no reasonable lawyer could argue the claim." *Spitzer*, 2020-Ohio-399, at ¶ 12 (5th Dist.).

**{¶17}** We turn, then, to the conduct of Frederick and his attorney that the trial court characterized as frivolous.

### The Untimely Jury Demand

**{¶18}** Frederick filed the complaint in the trial court on August 2, 2022, and that complaint did not contain a jury demand. After the trial court held an in-person pretrial conference on December 1, 2022, the trial court scheduled a bench trial in the case.

Counsel for both parties signed a pretrial order indicating that they had approved that next step.

{¶19} Nearly a year later — on November 15, 2023 — Frederick, in a written demand, first requested that the case be tried to a jury. Gregg moved to strike that filing, arguing that any right to a jury trial had been waived. The trial court granted Gregg's motion and ordered Frederick's jury demand stricken.

{¶20} Under Civ.R, 38(B), "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." The failure of a party to serve a demand as required by the rule constitutes a forfeiture of the right to a trial by jury. Civ.R. 38(D). When a party fails to timely demand a trial by jury, the matter will be tried to the court, unless upon motion of a party, the court orders a trial by a jury on any or all of the issues. Civ.R. 39(B)(1).

{¶21} Frederick's jury demand was tardy under Civ.R. 38(B). The demand was not made in the complaint or at the pretrial conference held four months after the complaint's filing. Instead, Frederick waited 15 months after filing his complaint — and over a month after Gregg had filed a motion for summary judgment — to make a jury demand. In addition, Frederick failed to follow Civ.R. 39(B)(1), which requires a party to file a motion when, after missing the jury-demand deadline set by Civ.R. 38(B), that party nonetheless still hopes to try the case to a jury. Because Frederick did not make a timely jury demand or file a motion requesting a trial by jury, he forfeited the right to have his case heard by a jury.

**{¶22}** Filing a jury demand outside the time frame provided by Civ.R. 38(B) and without filing a motion for leave as required by Civ.R. 39(B)(1) was not warranted under existing law. Frederick did not argue at the trial court for an extension, modification, or reversal of existing law governing the forfeiture of the right to a jury trial. Indeed, because Frederick failed to file a motion as required by Civ.R. 39(B)(1), he did not present any argument at all to the trial court in support of his tardy request. Gregg's attorney in response filed soon thereafter a motion to strike the jury demand. That succinct motion summarized why Frederick's jury demand was untimely and should be stricken. The trial court granted the motion to strike a few days later.

**{¶23}** Frederick's failure to comply with the Ohio Rules of Civil Procedure, combined with his failure to present to the trial court a good-faith argument for the extension, modification, or reversal of existing law on the timing of a jury demand, constitutes frivolous conduct. Gregg is entitled to a frivolous-conduct sanctions award for the attorney's fees he incurred in preparing and filing his motion to strike the jury demand.

*Improper Mediation Sessions Prior to Filing*

**{¶24}** Frederick contends that the trial court erred in determining that his counsel — attorney Vaile — conducted what the trial court described as "improper mediations prior to filing" the action, and Frederick challenges, too, the trial court's finding that those mediation efforts were frivolous.

**{¶25}** In October 2020 — before any litigation between them had begun — Gregg sent a letter to Frederick that proposed options for resolving their son-father dispute. Soon thereafter, attorney Vaile — who was at that point already serving as Frederick's

lawyer — contacted Gregg and proposed a meeting between the parties. Attorney Vaile offered to act as a mediator if any meeting took place.

{¶26} Frederick, Gregg, and attorney Vaile — along with Gregg's then-fiancée, Pat, and his brother, Tim — met on July 2, 2021 at Frederick's home. Attorney Vaile appears to have acted at the meeting much like a mediator might do, separating the parties in different rooms and telling them that he would not share with the other party what anyone told him. Attorney Vaile also advised the parties about the type of relief that a court could grant if litigation ensued.

{¶27} Attorney Vaile claims that although he offered to mediate the matter, he did not actually serve as a mediator at the meeting because the parties chose to talk about issues unrelated to the disputed circumstances surrounding Frederick's 2018 conveyance of the real property to Gregg. We do see in the record, though, a letter later signed by attorney Vaile in which he claimed that he did in fact mediate the dispute that day.

{¶28} Regardless of how the meeting is characterized, Gregg contends that attorney Vaile violated the Rules of Professional Conduct. According to Prof.Cond.R. 2.4, a lawyer can serve as a third-party neutral to assist two or more persons who are not the lawyer's clients, but the lawyer in those circumstances must explain his or her role to any parties who do not understand it. Furthermore, Prof.Cond.R. 4.3 provides that a lawyer acting on behalf of a client must not state or imply to an unrepresented person that the lawyer is disinterested, and that lawyer is not permitted to give legal advice to an unrepresented person whose interests conflict with those of the lawyer's client.

**{¶29}** When the July 2021 meeting took place, attorney Vaile's role as Frederick's counsel may not have been made clear to the other individuals in attendance. Yet even if attorney Vaile's conduct could be construed as a violation of the Rules of Professional Conduct, any attempt on his part to mediate the dispute between Frederick and Gregg was pre-suit conduct that cannot be characterized as frivolous conduct under R.C. 2323.51. That statute defines "conduct" as filing an action, filing pleadings or motions, or taking any other action "in connection with a civil action." R.C. 2323.51(A)(1)(a). Attorney Vaile's so-called "mediation" of the dispute between Frederick and Gregg took place more than a year before Frederick filed his complaint. Any conduct at that July 2021 meeting was not conduct taken "in connection with a civil action" and, therefore, whatever happened at the meeting was not frivolous under the statute. As a result, Gregg is not entitled to an award of attorney's fees for any time that his counsel spent bringing the purported mediation to the trial court's attention.

### *Earlier Appeals From the Trial Court's Summary-Judgment Decision*

**{¶30}** Frederick also contends that the trial court erred in determining that his appellate efforts constituted frivolous conduct.

**{¶31}** After the trial court granted Gregg's motion for summary judgment in February 2024, Frederick appealed that ruling to this court. Although we ultimately upheld the trial court's judgment, we differed with the trial court about the proper role of parol evidence in a case like this involving an allegation of fraudulent inducement. See *Butt v. Butt*, 2024-Ohio-4689, ¶ 24 (5th Dist.). Frederick then filed a discretionary appeal to the Supreme Court of Ohio, but that court declined to hear the case.

{¶32} Given that we did, in that earlier appeal, agree with Frederick's argument that the trial court had erred in ruling that parol evidence could not be considered, we do not view that appeal as frivolous conduct. And certainly Gregg, in that appeal, did not characterize the appeal itself or Frederick's arguments in it as frivolous. Likewise we did not describe the appeal that way in our decision.

{¶33} Gregg is therefore not entitled to an award of attorney's fees for any time that his counsel spent on the appeals in this action.

**The Award of Attorney's Fees Lacks Sufficient Explanation**

{¶34} After finding that Frederick's counsel engaged in frivolous conduct, the trial court awarded $12,340 to Gregg for his attorney's fees. The trial court did not explain how it determined that amount.

{¶35} There is a strong presumption that the "lodestar amount" — the attorney's reasonable hourly rate multiplied by the number of hours worked — is the proper amount for an award of attorney's fees. *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 19. A trial court "is required to explain, with reasonable specificity, its determination of the amount of an attorney's fees award." *Oxford Campus I, LLC v. Michael*, 2024-Ohio-5614, ¶ 61 (10th Dist.). *See also Calypso Asset Mgt., LLC. v. 180 Indus., LLC.*, 2019-Ohio-2, ¶ 29 (10th Dist.) ("Although the trial court exercises broad discretion in applying the lodestar method, it must state the basis for the fee determination"); *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991) (holding that without an explanation of the trial court's basis for the award of attorney's fees, an appellate court cannot conduct a meaningful review). "If a trial court's decision awarding reasonable attorney fees lacks sufficient explanation, an appellate court will reverse the

award and remand the matter for the trial court to further elucidate its analysis." *Calypso* at ¶ 29.

**{¶36}** We cannot discern from the record how a calculation of reasonable attorney's fees using the lodestar method would result in an award of $12,340. Moreover, having found that only Frederick's untimely jury demand constitutes frivolous conduct, we remand this matter to the trial court to determine what amount, if any, of reasonable attorney's fees necessitated by this frivolous conduct should be awarded to Gregg.

**{¶37}** For the reasons explained above, the judgment of the Court of Common Pleas of Licking County is affirmed in part and reversed in part. The case is remanded for further trial-court proceedings consistent with this opinion. The costs are split equally between the parties.

By: Gormley, P.J.;

Baldwin, J. and

Montgomery, J. concur.